CAROLINE KLEIN

*v.*

CARRIE SEIBOLD.

1. PURCHASER—*not protected against true owner on sale by one having no title.* A mere naked possession in a vendor will not hold good against the true owner, and the latter may pursue his property and recover it from a purchaser without notice, when he has done nothing to estop him from asserting his title. The purchaser must look to his vendor on the implied warranty of title.

2. Where a husband takes the personal property of his wife and sells the same to a third person, and she is not present at the sale, or afforded an opportunity to give notice of her rights, and has made no sale to her husband, or delivery to him under any contract of sale, she will not be estopped from asserting her title as against the purchaser, though he had no notice of her title. A vendor usually can not transfer any better or greater title than he himself holds.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action of replevin, brought by Carrie Seibold, against Caroline Klein, for a lot of furniture, consisting of two easy chairs, one sofa, four upholstered chairs, one bureau, one extension table, a gold watch and chain, a silver pitcher,

six silver knives and six silver spoons and one picture. The property not being replevied, the suit proceeded in trover.

Messrs. WILLETT & HENING, for the appellant.

Mr. M. D. BROWN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that Charles Seibold, the husband of appellee, went to reside with appellant, who was the aunt of appellee; that appellee refused to live with him away from her people, and he lived with her aunt for about nine months before his death. He sold to the aunt the property in controversy about six months before his death. Appellee made no claim to the property until a short time after her husband died, when she and her brother went to appellant's house, and she swears she demanded it, and appellant refused to give it to her. The latter testified that appellee offered to purchase the property, and proposed to give $125 for it, but she declined to take that sum, but offered to take $150. There seems to be no doubt that appellee was the owner of the property, nor does it appear that the husband had any power to sell it.

Appellee brought suit in trover before a justice of the peace. The writ was served by reading, but appellant refused to surrender the property to the officer. A trial was had in trover, and the jury found a verdict for plaintiff for $150, and defendant appealed to the circuit court. A trial was afterwards had in that court, resulting in a verdict for $165, and plaintiff remitted $15, and the court rendered judgment for $150 and costs, and defendant appeals to this court and asks a reversal.

It is urged, that as appellee permitted her husband to remove this property, and to afterwards sell it, without any objection or protest, she is estopped to claim and recover it. There is no evidence that she was present when the sale was made, and failed to object or claim the property, or even that she knew her husband had sold it. Whilst possession of personal

property is *prima facie* evidence of title, it may be overcome, and the true ownership shown by any legitimate evidence. Nor can a person usually sell and transmit any better or greater title than he holds. A mere naked possession in a vendor will not hold good against the true owner, and he may pursue his property and recover it from a purchaser, without notice. As a protection to such purchasers, the common law implies a warranty of title by a vendor of chattels, and the purchaser has his remedy against his vendor in case his title fails. See *Fawcett* v. *Osborn,* 32 Ill. 411, where this question is fully discussed. That is decisive of this case. The cases cited by counsel for appellant are not applicable to the case at bar.

We fail to see that appellee did anything to estop her from suing for and recovering the property. She was not present when the sale was made. She had not sold it to him on conditions to be performed by him, and delivered the property under such sale. She had given him no bill of sale or other documentary evidence of ownership, nor, in fact, did she do any act that should preclude her from claiming the property. Hence, the court did not err in giving the instruction without the modification that appellant claims should have been made. There was no evidence on which to base a modification, that the jury should find for defendant if plaintiff had done any act that amounted to an estoppel.

There is no error in this record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*