9684.

MRS. S. A. GREENING vs. J. M. T. ELLIOTT, ET ALS.

When a widow residing in one parish entrusts the management of a plantation situated in another parish to her son, who makes the purchases for the plantation and ships the crops thereof in his own name, she will not be thereby estopped from claiming the working animals or the crops on the place when seized for the debt of the son and manager, especially when such debt has not been incurred in the business or administration of the plantation.

APPEAL from the Tenth District Court, Parish of Red River. Hall, J.

Logan & Head, for Plaintiff and Appellee.

L. B. Watkins and Pierson & Hull, for Defendants and Appellants.

The opinion of the Court was delivered by

Todd, J.   Schmidt & Ziegler, of New Orleans, having a judgment against one J. R. Greening, issued execution thereon and caused to be seized a lot of mules and a number of bales of cotton on a plantation situated in the parish of Red River, as the property of the judgment debtor.

Mrs. Sarah A. Greening, the mother of J. R. Greening, enjoined the execution and claimed the ownership of the property thus seized and $1,000 damages for the illegal seizure.

The injunction was perpetuated, the plaintiff's title to the property recognized and her demand for damages rejected.

Schmidt & Ziegler have appealed, and no motion is made for an amendment of the judgment.

The plaintiff's residence is in the town of Mansfield, DeSoto parish, where her husband had resided before his death, and where he died. The plantation referred to was an acquet of the community between the spouses, and was purchased by the plaintiff at succession sale.

After her husband's death, J. R. Greening took charge of the plantation, working stock, etc., and was manager and agent for his mother. He attended to the cultivation of the plantation, made the purchases therefor, gathered and shipped the crops and applied the proceeds thereef to the support of his mother and family in Mansfield.   The mules seized were some of those purchased by the agent and manager for his mother, and the place cultivated on her account, and the crops belonged to her.   These facts are established by the testimony of both mother and son, and the plaintiff's title to the plantation and the purchase of the mules thereon at the time of the sale of the place was a matter of record.

Her claim to the movables embraced in this suit is resisted on the sole ground that the plaintiff, by permitting her son to manage the plantation, to make the purchases and ship and sell the crops in his own name was estopped from disputing his title to the movables on the plantation seized in this case.

We see no force in this proposition, conceding that it was fully sustained by the evidence.

There was a peculiar fitness in plaintiff, an aged woman and in precarious state of health, consigning her plantation after the death of her husband to the management of her oldest son. The plantation and the movables, the stock or working animals were purchased by her, as stated. Her title thereto has never been diverted by any way known to the law, and Schmidt & Ziegler have no mortgage or privilege thereon. Though this is so, she, it is contended, cannot set up a claim to the property because it has been seized for her agent's debt, a debt, the consideration of which has not been shown to be in any manner connected with the cultivation or administration of the plantation. Whether the agent and manager conducted the busines in his own name or in that of his principal, under the circumstances of the case, it could not affect the title of the plaintiff to the property or her right to claim it against her agent, his creditors or anyone else.

Judgment affirmed.