## Ethelbert D. Rothwell v. John Alves.

1. SALES—*When the Title Passes—Possession.*—Where a person ordered a buggy made, and when it was finished accepted it and paid for it, but instead of taking it away, arranged with the maker to leave it in the factory for a short time until the roads would permit him to take it away, *it was held* that the contract of sale of the buggy became executed, so that the title passed to such person.

2. BILLS OF SALE—*Construction of, etc.*—When a person having in his possession divers articles of personal property, among which was one that did not belong to him, made a bill of sale, the terms of which were broad enough to include every article so in his possession, *it was held*, in construing the bill of sale, that an intention to sell articles not his own under the circumstances is not to be imputed to the vendor unless it is manifested with reasonable clearness.

Replevin.—Appeal from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the November term, 1894. Affirmed. Opinion filed June 3, 1895.

OWEN P. THOMPSON, attorney for appellant.

G. W. SMITH and ROBERT TILTON, attorneys for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

This was a suit in replevin for a buggy, brought by appellee before a justice of the peace May 31, 1892. It was twice tried on appeal in the Circuit Court, with like results in favor of the plaintiff, and on the last verdict, which was sustained over a motion to set it aside, judgment was rendered and this appeal was taken.

In its facts the case is in all respects like that of Rothwell and Dunlap v. Luken, submitted at the November term,

Rothwell v. Alves.

1893, of this court, with two exceptions. First, there was here evidence enough to support a finding that before the bill of sale was made by Mrs. Hellenthal, to appellant, the buggy in controversy was fully finished by Hellenthal according to the order, and paid for and accepted by appellee, and then left by him in the factory solely for his own accommodation on account of the excessively muddy condition of the roads. Thus the contract of sale became executed, so that the title, with the risk, passed to appellee.

Second, this buggy bore the shop number 87. The carriages described in the bill of sale to appellant were of various styles, respectively described in a general way and identified by their shop numbers which ran from one to twenty-three. The description then proceeds as follows: " Six phaeton bodies, one jump seat body with canopy top, two piano buggy bodies, one straight bottom canopy body, two carriage bodies, one set of wheels, two sets of blacksmith's tools, two blowers, four vices, two anvils, one box setter, one stitching machine, and all other tools, trimings and goods and chattels of every description not herein specifically enumerated, which are contained in the carriage manufactory of the party of the first part, located at 222 and 224 North Sandy street in the city of Jacksonville, Illinois."

It is clear that the buggy in controversy was not among those described in the bill as being numbered, nor the " bodies " mentioned ; and we are inclined to hold that a fair construction of the language would not certainly, and did not in this case actually, bring it within the scope and intended meaning of the general clause, " all other tools and trimmings, and goods and chattels of every description not herein specifically enumerated which are contained in the manufactory." The full literal meaning of these words would include carriages there for repair, and the dinner pails of the employes, which would not accord with any supposable intention of either party. And if they had intended a transfer of twenty-four carriages and buggies, it is hardly supposable that after specifically enumerating and identifying each of twenty-three they overlooked the

twenty-fourth, as plainly in sight and as readily described, or went back after an intervening specific enumeration of the principal tools, to include it in a lumping expression evidently used to embrace minor items of property necessary to such a factory—tools, trimmings and miscellaneous materials—but too numerous for convenient enumeration and specific description. The facts that appellee had fully paid for it, accepted it, had it set apart for him sixteen days before and was expected to call for it almost any day, if they were facts, as he and Hellenthal testified, were a commanding reason for its omission from the bill and forbade any intention to transfer it to appellant by any form of words. Such an intention, under the circumstances, is not to be imputed to the vendor unless it is manifested with reasonable clearness.

We see in appellee's claim nothing at all like a secret lien. He bargained for the property with the manufacturer openly, in the usual way, was at the shop to see it almost every week as it was being made, paid the full price for it when finished and for a good and sufficient reason left it there at his own risk, by express arrangement with the manufacturer, and only until it could be removed without danger of injury to it. Appellant well knew that in this factory, according to the course of its business, there would be buggies ready made for sale and others made to order. The immediate removal of it by the purchaser, in either case, would often be inconvenient and in some instances impracticable. In leaving this buggy a short time for such reason we see no ground for suspicion of wrong on the part of vendor or vendee.

But unless appellant was an innocent purchaser for value of this particular buggy, it is not for him to question the sufficiency or fact of an alleged prior delivery to appellee, whose title was good as against Mrs. Hellenthal. For the reason stated we are of opinion that he was not such a purchaser. In this view the complaint against the instructions given for plaintiff is without just cause; the finding upon the issue of fact was sufficiently supported by the evidence, and the judgment will be affirmed.