LUTHER HILL v. S. L. VAN SANDT, *as Sheriff of Neosho County.*

1. TITLE OF GOODS— *When not Estopped from Proving.* Where this plaintiff, by his agent, permitted Powell to take his goods and sell them, and hold himself out as their owner, and to advertise the business in the name of Powell & Co., he is not estopped from proving his title to said goods in an action brought against the sheriff who levied upon said goods by virtue of an execution issued against said Powell upon a judgment rendered upon a debt contracted prior to any of the transactions between this plaintiff and said Powell.

2. APPARENT OWNERSHIP IN OTHERS —*Erroneous Instruction.* The court gave the following instruction: " If Hill allowed Powell, or Powell & Co., to assume ownership and control of these goods, and hold themselves out to the world as such, and deal with them as their owner, and get money and reinvest it in other goods, Hill cannot in this action be heard to say he is the owner of the goods in controversy; and for the purposes of this case it makes no difference whether the debt of Powell to Abernathy & Co. occurred before these particular goods were bought, or not." *Held,* error.

MEMORANDUM.—Error from Neosho district court ; L. STILLWELL, judge.   Replevin by Luther Hill against S. L. Van Sandt.   Defendant had judgment, and plaintiff brings the case to this court.   Reversed.   The opinion was filed June 19, 1895.

The statement of the case, as made by DENNISON, J., is as follows :

This is an action of replevin brought by Luther Hill, as plaintiff, against S. L. Van Sandt, as defendant, to recover a quantity of furniture, and for damages for wrongful detention of the same.   The defendant, S. L. Van Sandt, alleges in his answer that he was the sheriff of Neosho county, Kansas, and that as such sheriff, on the 21st day of November, 1889, he levied upon the goods and chattels described in

said plaintiff's petition as the property of J. J. Powell, by virtue of an execution issued out of the district court of Neosho county, Kansas, on the 20th of November, 1889, upon a judgment in said court against the said J. J. Powell in an action wherein the Abernathy Furniture Company was plaintiff and the said J. J. Powell was defendant, and that the goods were the property of the said J. J. Powell. Upon the trial of the cause, the court gave the following instructions to the jury :

"Gentlemen of the jury : This is an action of replevin brought by the plaintiff, Luther Hill, against S. L. Van Sandt, as sheriff of this county, for the purpose of recovering the possession of a quantity of goods. Plaintiff alleges that he was the owner, and entitled to the possession of these goods, and defendant, therefore, at the commencement of this action wrongfully detained the same. The position of the sheriff, in substance, is that he levied on the goods in controversy by virtue of an execution in favor of the Abernathy Furniture Company against J. J. Powell; and he claims that at the time he so levied the execution on the goods, Powell was the owner, or had an interest in the goods as a member of the firm of J. J. Powell & Co., or owned part of it himself, and, therefore, had the right to levy on the goods for the purpose of obtaining means wherewith to pay the judgment of the Abernathy Furniture Company against Powell. There has been evidence introduced tending to show that some time previous, Hill, the plaintiff, bought a quantity of goods at the Mission belonging to the old stock of furniture, and that these goods were put in possession of Powell for the purpose of disposing of them. In the event the evidence shows to you any of that old stock of goods testified to by witnesses are in controversy in this case, and the sheriff levied upon them in this action, the plaintiff will be entitled to recover any of that old stock that may have been in the possession of Powell and levied upon by the

sheriff, in the event there is any of the old stock. With reference to the new goods bought subsequently by Powell, I instruct you this way : If you find from the evidence that Hill, the plaintiff in this case, allowed Powell, or the firm of Powell & Co., to hold themselves out to the world as the owner of these new goods, and do business in that regard and control the stock and sell it and invest the proceeds according to the best judgment of Powell in other goods subsequently bought and placed in this stock to sell; if you find these facts and circumstances existing, Hill is not in a position to claim the goods belong to him, and, for the purpose of this case, they would be as goods of the firm of J. J. Powell & Co. As I have said, if Hill knowingly allowed Powell or said firm to trade and deal with the goods as firm property, and obtained credit upon the goods they had there, Hill could not claim that the goods belonged to him. The burden of proof is upon the plaintiff. It is for him to show his right to recover by a preponderance of the evidence. If you find for him, you will return a verdict in his favor — that at the time he owned and had the right to the possession of the property, and the defendant wrongfully detained it from him. If you find for the defendant, you will have to find that he had a special ownership over the goods, and you will return in your verdict the value of his ownership — that will be the amount of the judgment with interest and costs as specified in his execution. As regards to what I state to you with reference to the knowledge of Hill — with reference to the manner in which he allowed Powell to trade and dispose of and hold these goods — when I speak of Hill and his knowledge in that regard, I mean to include in that instruction any knowledge of his agent.''

It also appears in the record that while counsel were making their argument to the jury, and before plaintiff's counsel had concluded his argument, the court gave the following additional instructions :

'' By the court : There seems to be some misunder-

24—APP.

standing among the counsel as to what the court instructed you with reference to the acts of Hill allowing Powell, or Powell & Co., to hold themselves out to the world as owners of these goods. What I intended to say to you in reference to that, and what I thought I did state, was this in substance: That if Hill allowed Powell, or Powell & Co., to assume ownership and control of these goods and hold themselves out to the world as such, and deal with them as their own, and get money and reinvest it in other goods, Hill cannot, in this action, be heard to say he is the owner of the goods in controversy; and for the purposes of this case it makes no difference whether the debt of Powell to Abernathy & Co. occurred before these particular goods were bought, or not."

The record in this case shows:

"It is admitted that on the 24th of November, 1888, the Abernathy Furniture Company obtained a judgment against J. J. Powell before a justice of the peace in Erie township in Neosho county, Kansas, for the sum of $127.21, and $2.70 costs, at 7 per cent. interest from that date; that a transcript of that judgment was filed in the district court on November 4, 1889. On November 20, 1889, an execution issued on that judgment by the clerk of the district court to the sheriff of Neosho county, Kansas, and by virtue of the execution he did, on the 21st of November, 1889, levy on the goods in controversy as the property of J. J. Powell, the defendant in that case. By Mr. Denison: And it is not a debt contracted on this last arrangement? By Mr. Rager: . . . No, sir."

And it is also admitted that the furniture business was advertised in the Erie *Republican and Record* by Powell as J. J. Powell & Co., furniture dealers, Erie, Kas., from May 18, 1888, to the date of the trial.

*J. L. Denison*, for plaintiff in error.

*J. W. Sharrock*, and *T. F. Rager*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J.: The only question necessary to be decided in the determination of this case by this court is whether or not Luther Hill, the plaintiff, is estopped from setting up his ownership in the goods sued for in this case. If he were not so estopped, then the instructions would be erroneous and prejudicial, and this case would have to be reversed. In order to constitute an estoppel *in pais*, the doctrine is clearly laid down that all of the five following elements must be present:

"1. There must have been a *representation* or a *concealment* of material facts.

"2. The representation must have been made with *knowledge* of the facts.

"3. The party to whom it was made must have been *ignorant of the truth* of the matter.

"4. It must have been made with the *intention* that the other party should act upon it.

"5. The other party must have been *induced to act upon it*." (Bigelow, Estop., p. 480, and cases cited therein.*)

In the case at bar it must be clearly apparent that the fourth element mentioned above was entirely lacking in this case. There is no evidence or claim that this plaintiff, Hill, or his agent, knew that the Abernathy Furniture Company had a judgment or an execution against J. J. Powell, or that the sheriff, Van Sandt, had such an execution; and there is no evidence tending to show that this plaintiff, Hill, or his agent, made any statement, that they are claimed to have made, with the intention of inducing the sheriff, or Abernathy & Co., or anybody else, to levy

---

*But see Bigelow on Estoppel, 5th ed., p. 570.—REPORTER.

upon this stock of furniture to collect a debt owing by J. J. Powell & Co. ·

"In general, where there is nothing to show that the representation was intended to be acted upon as a statement of the truth, or that it was tantamount to a promise or agreement that the declaration made is true, so as to amount to an undertaking to respond in case of falsity, the party making is not estopped from proving the truth." (Bigelow, Estop. 486.)

In the case of *Carithers v. Weaver*, 7 Kas. 125, BREWER, J., in delivering the opinion in that case, gives the following definition :

"Estoppels *in pais* are upheld to prevent gross injustice in cases where one party having rights in property, by representations or conduct in reference thereto, fraudulently induces another to part with value for that property, and thereafter insists on those rights to deprive the latter of both value and property. But, where the latter party loses nothing by permitting the former to assert his legal rights, the reason for upholding estoppel fails."

In the case of *Palmer v. Meiners*, 17 Kas. 483, Chief Justice HORTON, in delivering the opinion in this case, cites the above language in the case of *Carithers v. Weaver*, and says :

"As Claflin and Thayer were never influenced or induced to part with their goods on such alleged statement, and never gave any credit or extension of payment thereon, the reason for holding Mrs. Meiners estopped thereby fails."

In the case at bar there is nothing in the record to show that Hill, or his agent, made any statements or admissions for the purpose of inducing, or in any way induced or attempted to induce this defendant, Van Sandt, or the Abernathy Furniture Company, or their agent, or anyone else, to extend any credit to J. J. Powell or to Powell & Co., by representing to them

that said J. J. Powell or said J. J. Powell & Co. were the owners of the goods levied upon in this case. In this case it was admitted that the debt upon which this execution issued was not contracted under this last arrangement, and it clearly appears that it was for goods bought by said J. J. Powell when he was in business for himself, before he burned out.

Plaintiff in error in this case complains because a portion of the instructions was given during the argument of counsel. So far as this case is concerned, it is not necessary to decide whether that is error or not.

The defendant in error in this case says that —

"Hill, by his conduct, induced the Abernathy Furniture Company to go to the expense of obtaining a judgment, issuing and levying an execution, and he is estopped from asserting title to the goods levied upon, even if the debt to Abernathy had accrued prior to said conduct."

We think this contention is not sustained by the authorities. (Bigelow, Estop. 487.)

The plaintiff in error raises the point that the representations were not made to this defendant, Van Sandt, but to the judgment-creditor. Having decided that the doctrine of estoppel does not apply to the facts in this case, it is not necessary to decide this question.

The question which should have been submitted to the jury in this case is, Was Luther Hill the owner of the goods? And he was not estopped in this case from showing that he was the owner by any representations which the evidence shows were made by his agent, Denison.

The judgment of the district court will be reversed, and the cause remanded for further proceedings.

All the Judges concurring.