### Fuller & Fuller Company v. Henry M. Feinberg.

1. SALES—*When the Vendor Has No Title.*—The general rule is that no one can acquire a title to chattels from a person who has no title to them himself.

2. CHATTEL MORTGAGES—*Mortgagee's Right Under the Insecurity*

*Clause.*—Where the mortgagor's conduct, under all the circumstances, indicates a dishonesty of purpose, with reference to the property of another which, if carried into his business relations, might well cause solicitude with reference to the debt secured by the mortgage, it will justify a taking possession of the property under the insecurity clause by the mortgagee.

**Trespass,** to personal property. Appeal from the Circuit Court of Cook County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed January 16, 1900.

**Statement.**—In March, 1894, appellant sold to appellee, and conveyed by bill of sale, a stock of drugs and fixtures contained in a certain drug store located in Chicago. Appellee paid part of the purchase price in cash, and to secure the balance executed a chattel mortgage upon the stock and furnishings mentioned. The mortgage contained an insecurity clause in the usual form.

Among the articles in the store at the time of the sale to appellee was a soda fountain. This was not mentioned among the things specifically conveyed by the bill of sale, nor was it referred to in the chattel mortgage. It was not owned by the appellant, and the latter alleges that it had no right, authority or intention to convey it to appellee by the bill of sale or otherwise. It was the property of the Matthews Soda Water Company, which is not a party to this action. The fountain was in the store when appellant acquired the property originally, and the bill of sale to appellant contained the same words of description as the bill of sale from appellant to appellee.

Shortly after the sale appellant learned that appellee claimed to own the said soda fountain, by virtue of a general clause in the bill of sale, and that he refused to give it up or acknowledge the title of the real owner. Thereupon, after fruitless negotiations, the officers of appellant feeling, as it is alleged, that the course of appellee indicated a disposition which might prejudice the payment of the balance of the purchase money, and make it insecure, notified him that unless he permitted the owner of the fountain to remove it, the chattel mortgage would be foreclosed.

Fuller & Fuller Co. v. Feinberg.

Appellee refused to surrender the fountain, and the mortgage was placed in the hands of an officer to foreclose. The latter having taken possession of the premises, appellee was given time to raise the balance due, and while he was gone for this purpose the owner of the fountain removed his property. Meanwhile appellee raised the money to pay off the mortgage debt, and the store was returned to his possession, none of the property having been removed or disturbed. The officer had been in possession about six hours. Afterward appellee brought his action for an alleged trespass. A verdict was returned and judgment rendered in his favor for $500, from which judgment this appeal is prosecuted.

Charles Lane, attorney for appellant.

Johnson & Morrill, attorneys for appellee.

Mr. Justice Freeman delivered the opinion of the court.

This is an action in trespass brought by appellee to recover for the alleged misconduct of appellant and its agents in connection with the foreclosure of the chattel mortgage.

· The main contention is with reference to the damage claimed to have been suffered from the removal of the soda fountain by the real owner during the time the premises were in possession of the constable under the chattel mortgage. It is conceded that the owner of the fountain was the Matthews Soda Water Company, which is not a party to this action. It is conceded also that appellee had refused to deliver the fountain to the owner, or permit the latter to remove it. Appellee claims to have taken the advice of counsel, and to have been told that he could hold the fountain under the general clause of the bill of sale. It is apparent, and seems to be conceded by his counsel in this case, that he could not have established title in himself against the true owner. Yet he persisted in holding on to it, and now claims that he did so in good faith, believing, because so advised by his counsel, that it had been conveyed to him by appellant by the wording of the bill of sale-

There is conflict in the evidence, but there is a preponderance tending to show that appellee was expressly informed, and did know when he purchased and when the bill of sale was executed, that the fountain did not belong to appellant and was not intended to be conveyed by the bill of sale. Appellee's claim of good faith in holding on to it appears to be based, not upon a rightful purchase, not upon any honest supposition that he had really bought and paid for the fountain, but upon a lawyer's advice that he could maintain a claim he knew to be wrongful upon a technical construction of the wording of the bill of sale. The clause in question is in the concluding general words, and mentions the " stock of goods, wares and merchandise and all other personal property not hereinbefore specified and enumerated." A fair construction of this general language can not, we think, include the soda water fountain. The clause is preceded by a specific list of articles conveyed, mentioning such things as scales, show cases, counters, prescription case, show and shelf bottles and globes, chandeliers and gas fixtures, and the " fountain stand." The fountain itself is not included in the list, and if it was intended to be included its omission as a conspicuous article would probably have attracted attention. But the undisputed facts indicate that such was not the intention of the appellant, and the evidence preponderates that it was not the expectation of the appellee. It is said in Rothwell v. Alves, 60 Ill. App. 156 (158):

" Such an intention, under the circumstances, is not to be imputed to the vendor unless it is manifested with reasonable clearness."

The general rule is, that no one can acquire a title to chattels from a person who has no title to them himself. Exceptions to this rule are not such as are applicable in the case at bar. Fawcett v. Osborne, 32 Ill. 411. The evidence is undisputed that the fountain was taken away by the real owner, who was entitled to its possession. Appellee is not liable in trespass for the act of such owner in merely reclaiming his own. This is not a suit upon a warranty of title, real or implied. See Klein v. Siebold, 89 Ill.

540 (542). Nor can appellee complain if the true owner was assisted in peaceably recovering his property by employes or representatives of appellant. It is not trespass to peaceably assist another in doing a perfectly lawful act in a lawful way.

It is said by appellee's counsel that "actual possession, though without the consent or even adverse to the real owner, will be sufficient as against a wrongdoer or one who can show no better title"—quoting from Miller v. Kirby, 74 Ill. 242. In this case, however, appellee was not at the time in possession of the premises. The constable was in possession under the chattel mortgage. The property was taken away by the real owner, who had the better title. It is clear, we think, that appellee suffered no damage for which he is entitled to recover by reason of the removal of the fountain. It follows that it was error to permit the introduction of evidence relating to the removal and value of the soda fountain as tending to sustain the claim for damages.

It is said by counsel for appellee that although appellant's agents did not cause any disturbance, or treat appellee with indignity, or disturb or remove his stock, yet the latter is entitled to recover punitive damages, because at the time of the foreclosure the indebtedness secured by the chattel mortgage had not matured. We can not agree with this contention. The evidence on both sides shows that appellee was holding on to the fountain without right and refusing to surrender it.

We can not avoid the conclusion that appellant was justified in regarding appellee's conduct under all the circumstances as indicating a dishonesty of purpose with reference to the fountain, which, if carried into appellee's business relations might well cause solicitude with reference to the debt secured by the mortgage. We find in this no evidence of a reckless disregard of appellee's rights.

Other points are discussed by counsel, which, in view of the conclusions stated, we need not consider in detail.

The judgment of the Circuit Court is reversed and the cause remanded.