EMMA F. WALKER ET AL., APPELLEES, V. MARY FITZGERALD ET AL., APPELLANTS.

FILED MAY 20, 1903. No. 12,750.

1. **Motion for New Trial: SUPERSEDEAS.** The pendency of a motion for a new trial, in an action where a decree has been rendered directing the sale of real estate in foreclosure proceedings, will

not of itself operate as a supersedeas or stay the issuance of an order of sale in pursuance of the terms of the decree.

2. **Supersedeas.** In an error proceeding from a decree of the district court foreclosing a real estate mortgage, an undertaking which does not provide for the payment of "the value of the use and occupation of the property" is not effective as a supersedeas. *Collins v. Brown*, 64 Neb. 173.

3. **Objections Not Considered.** An objection to an order of confirmation not presented to the trial court entering the order can not be considered by this court on appeal.

4. **Receiver.** Decree for Taxes. The statute does not authorize the appointment of a receiver at the instance of a holder of a certificate of tax sale of real estate sold for delinquent taxes, who has obtained a decree directing the sale of the property to satisfy his lien on the ground that the property is insufficient in value to satisfy the lien for delinquent taxes on which such decree is based.

APPEAL from the district court for Cass county: PAUL JESSEN, DISTRICT JUDGE. *Affirmed in part.*

*James Manahan* and *D. O. Dwyer*, for appellants.

*Jesse L. Root, J. H. Haldeman* and *Allen J. Beeson, contra.*

HOLCOMB, J.

This cause, an action equitable in its nature, is here by appeal and is presented in a dual aspect. The appeal is taken from an order of confirmation of sale of real estate made under a decree in foreclosure proceedings, and also from an order entered by the trial court appointing a receiver of the real estate in controversy pending the further litigation.

The order of confirmation was resisted on several grounds set forth in objections by appellants, but two of which are relied on and argued in brief of counsel. These will be considered by us in the disposition of the cause.

It is first argued that, because a motion for a new trial was pending and undisposed of when the order of sale was issued and the property sold thereunder, the sale as made

was thereby invalidated and confirmation should not have been ordered. A motion for a new trial will not in itself operate as a supersedeas or stay the issuance of an order of sale in pursuance of the decree rendered in the action and this objection is, therefore, wholly untenable.

It is next contended that, because a bond was filed for the purpose of securing a review by proceeding in error at the time the sale was made, the order of confirmation ought not to have been entered. The bond set out in the record is clearly defective and insufficient for the purpose of staying proceedings, and for that reason the proceedings had in the execution of the decree, notwithstanding the purported supersedeas bond, were regular and the execution of the defective undertaking afforded no sufficient reason for withholding an order of confirmation of the sale made in pursuance of the decree. The question here presented is identical with the one decided by the court in the case of *Collins v. Brown*, 64 Neb. 173, and on the authority of that case, the action of the trial court must be held to be regular and proper. Something is said in brief of counsel regarding one of the appellants being an administratrix and, for that reason, no bond being required to stay proceedings in order to secure a review either by appeal or proceeding in error. In the first place, the record fails to show any appeal by the administratrix in her representative capacity. Secondly, it does not appear that she offered any objections in the trial court to the order of confirmation, nor that there was in that court any objection made to confirmation on the ground that one of the appellants as administratrix was prosecuting either error or appeal proceedings from the decree of foreclosure and order of sale. We can here consider only those objections which were presented to the trial court and the objection here urged not being one of them, it is not properly before us for consideration as an objection made in the trial court to the order of confirmation.

In the action begun in the trial court, at the instance of cross-petitioners who were the holders of tax-sale certifi-

cates issued by the proper county authorities for the sale
of the land involved in the controversy for delinquent
taxes, and who had obtained a decree in the action estab-
lishing their claims as a lien on the land and ordering
the sale of it for the satisfaction thereof, a receiver was
appointed for the real estate against which the decree.
operated.  This was on the ground that the land was not
of sufficient value to satisfy such lien.  The trial court was
not, in our opinion, warranted in appointing a receiver at
the instance of those holding a tax lien on the property,
and this solely on the ground that a receiver under such
circumstances is unauthorized by the statute providing for
the appointment of receivers in certain cases.  Section 266
of the code.  The provisions of the statute, section 179, ar-
ticle 1, chapter 77 of the revenue act, authorizing the
holder of a tax-sale certificate to proceed to foreclose his
lien in all respects as far as practicable in the same manner
and with like effect as though the same were a mortgage
executed to the owner of such certificate or certificates
for the amount named therein, applies to the procedure
relative to the foreclosure of real estate mortgages and
does not extend to the statutory provisions concerning the
appointment of receivers.  The holder of a tax-sale cer-
tificate or one in whose favor a decree has been rendered
on such certificate is not a creditor within the meaning of
section 266, regulating the appointment of receivers.
Neither the holder of such a claim nor the public from
whom he acquired it, has any claim of a personal nature
against the owner of the land assessed.  The lien extends
to the real property only, and it alone can be looked to for
the satisfaction of the demand.  If a receiver may be ap-
pointed and the rents and profits sequestered and applied
to the payment of the sum due for taxes assessed against
the property, then to that extent, at least, would the owner
of the property be held as personally liable for the indebt-
edness.  On principle, and in harmony with the legislative
policy prevailing in this state with respect to the levying
and collection of revenues on real property assessed for

that purpose, we are satisfied that the appointment of a receiver to take charge and collect the rents and profits of the property sold because of delinquent taxes, pending a final decree in foreclosure proceedings, on the ground of its alleged insufficiency to satisfy the tax lien, is unauthorized and does not come within the purview of our statute relating to the appointment of receivers. From what has been said, our conclusions are that the order of confirmation appealed from should be affirmed; and the order appointing a receiver should be vacated and set aside and the petition for the appointment of a receiver dismissed; and judgment will be entered in this court accordingly.

JUDGMENT ACCORDINGLY.