FANNIE MOORE, Appellee, v. ED. RAWLINGS, Sheriff, Appellant.

**Execution sale of wife's property for husband's debts:** ESTOPPEL.
1  The rule that a wife who permits the title of her real property to be and remain in her husband is estopped to deny the husband's title, as against third parties who in good faith extend credit to the husband on the strength of his apparent title, has no application in favor of a silent purchaser of an outstanding dishonored note of the husband.

**Same.**  The silent purchaser of a husband's note who knew just
2  prior to the purchase and the debtor's marriage that he had no property, and who made no investigation save an inspection of the deed record cannot sell on execution land belonging to the wife, the apparent title to which is in the husband, to satisfy the note.

*Appeal from Monona District Court.—* HON. F. R. GAYNOR, Judge.

SATURDAY, FEBRUARY 15, 1908.

ACTION in equity to enjoin the defendant, sheriff of Monona county, from making sale of certain real estate

under execution issued upon a judgment in favor of John Rawlings and against Claude Moore, husband of plaintiff. From a decree in favor of plaintiff, defendant appeals.— *Affirmed.*

*T. B. Lutz* and *Pritchard & Newby,* for appellant.

*W. L. Smith,* for appellee.

BISHOP, J.— The property in question consists of two lots in the town of Mapleton, Monona county, and the same were purchased by plaintiff in June, 1904. By error the name of Claude Moore, husband of plaintiff, was inserted in the deed as grantee, and the instrument was so executed, delivered, and placed of record. The error was one of inadvertence, and solely that of the grantor, who directed the scrivener to thus prepare the instrument, although he knew that the purchase was made and the consideration paid by plaintiff. The error came to the knowledge of Claude Moore within a few days after the recording of the deed, but at the time he said nothing on the subject to plaintiff, and she did not know of such error until several months later, nor until after she and her husband had executed a mortgage to one Whiting on the property. She then requested of her husband a conveyance; but it seems that, on consideration of the subject, they concluded that this could not be done while the mortgage to Whiting remained on the property. Thereafter John Rawlings purchased a note outstanding against said Claude Moore, which note bore date and had become dishonored long prior to the purchase by plaintiff of the real estate in question; and, having reduced the same to judgment, caused an execution to issue and be levied upon said lots. It was to enjoin sale under such levy that this action was brought. The defendant in answer alleges that in virtue of the facts disclosed by the deed record, and the fact that Claude Moore was in possession of the lots, the said John

Rawlings was induced to purchase the dishonored note on which said judgment was based, and he insists that plaintiff is estopped from asserting any right as against the lien of the said judgment.

Conceding the facts of the answer, we think a finding for estoppel not warranted. Counsel for appellant rely upon the general equitable doctrine that where the apparent title to real property belonging to a wife is by her permitted to be in her husband and third persons on the strength of such apparent title, and, in good faith, extend credit to her husband, she will be estopped to deny such title. To the soundness of the doctrine as thus stated we are fully committed. *McCormick Machine Co. v. Perkins,* 135 Iowa, 64. But it will be observed that the basis of the estoppel in such cases is a favor secured by the husband on faith of his apparent ownership being real, and which otherwise would not have been granted to him. Stated in another way, the wife is bound to silence only respecting the conduct of her husband having relation to the property during the time he holds title. Now, confessedly, Rawlings had no dealings with the husband of plaintiff. In becoming possessed of the stale note in question, he stepped into the shoes of and succeeded only to such rights as were possessed by his assignor. Most certainly the latter could not have asserted any right in the property as against plaintiff, the real owner, for the simple and all-sufficient reason that he had not been led to act to his prejudice by any conduct on the part of either plaintiff or her husband; and we are unable to see how the assignment of his demand to Rawlings could confer upon the latter any rights in excess of those he, the assignor, possessed. In any event, it is not possible that out of any transaction occurring between Rawlings and his assignor — in which neither plaintiff or her husband had any part — there should arise an estoppel against plaintiff forbidding her to assert title to property of which she is conceded to be the sole

1. EXECUTION
SALE OF WIFE'S
PROPERTY FOR
HUSBAND'S
DEBT: estoppel.

owner. The principle on which this conclusion is based with citation of illustrative cases may be found in 16 Cyc. 723.

But, if there was room for doubt respecting the doctrine as we have discussed it, we should still be compelled to hold on the · evidence that the defense was not made out.

2. SAME.    Rawlings was well acquainted with Claude Moore, and knew that on his marriage to plaintiff shortly before the purchase of the real estate in question he had no property of any kind. And we think he knew that the property turned over as the purchase price of the real estate was owned by plaintiff. He made no investigation beyond inspecting the deed record; and beyond the fact of the deed he had no reason to believe that plaintiff had made a gift of the property to her husband. A simple inquiry would have revealed to him the true situation, but he did not see fit to make it. He is in no position to assert that he was innocently misled to his prejudice.

The decree was rightly entered; and it is *affirmed.*