## ALEXANDER v. BUSCH et al.

No. 8038—Opinion Filed July 24, 1917.

(166 Pac. 900.)

**1. Replevin—Actions—Estoppel—Evidence.**

The mere fact that personal property is in the possession of and used by another will not estop the owner from asserting ownership thereof. Evidence examined, and

held, that plaintiff was not estopped to maintain the action.

## 2. Replevin—Damages—Evidence.

Verdict of a jury allowing recovery of damages for the detention of personal property cannot be sustained, in the absence of any evidence to support it.

(Syllabus by Hooker, C.)

Error from County Court, Payne County; W. R. Jones, Judge.

Action between J. A. Alexander and Kate Busch and others. There was a judgment for the latter, and Alexander brings error. Modified and affirmed.

Higgins & Berton, for plaintiff in error.

John P. Hickam, for defendants in error.

Opinion by HOOKER, C. On the 8th day of January, 1914, one S. S. Smith executed and delivered his certain note and chattel mortgage securing the same to the Cushing State Bank for the sum of $400, which note was signed by J. A. Alexander and another, as his sureties. After the maturity of this note Alexander and his cosurety paid the same, and said note and chattel mortgage were duly transferred by the bank to them. To protect their interests Alexander took possession of the property involved in this case, to wit, one gray mare and one Kentucky wagon, and thereafter, on the 17th day of February, 1915, the defendant in error, Sanders, instituted a replevin action in the justice court of Payne county to recover the possession of said property from Alexander, and upon the trial in said justice court a judgment was rendered in favor of the defendant in error, and thereupon an appeal was taken to the county court of Payne county, and this cause was tried there and a judgment had for the defendant in error, from which judgment an appeal was taken to this court by the plaintiff in error.

The defendant in error asserts that he was at the time of the execution of this chattel mortgage by Smith to the bank, and had been for a long time prior thereto, and was at the time of the commencement of this action, and now is, the owner of said property and that the same was mortgaged by Smith to the bank without his knowledge or consent, and that he did not in any way participate therein; while it is contended by the plaintiff in error that the property was the property of Smith, and that if the property belonged to the defendant in error, Sanders he suffered Smith to use and control the same as his own, and permitted him to hold himself out to the world as the owner thereof, and that the bank and the plaintiff in error were induced to act in the premises by reason of Smith's ostensible ownership of said property, which was permitted by the defendant in error to their detriment. Upon these issues the cause was tried, and a verdict rendered adverse to the contention of the plaintiff in error.

There are two main reasons assigned why this judgment should be reversed: First, that the court erred in refusing to instruct the jury, according to the theory of the plaintiff in error, that the defendant in error Sanders was estopped to assert ownership in this property by reason of permitting Smith to have the control and use thereof, and otherwise to exercise acts of ownership over the same, which misled the plaintiff in error and the bank in the transaction named above; and, second, that the evidence in this case does not justify the recovery of damages as awarded by the jury.

We have carefully considered this evidence, and after a careful examination thereof we are of the opinion that it only shows that the said Smith used and was in possession of said property for some time prior to the execution of the mortgage in question, and we have searched in vain for any evidence in this record that would justify the court in submitting to the jury this case upon the theory that Sanders had knowingly permitted Smith to hold said property out to the world as his own, but, upon the contrary, the evidence affirmatively shows that the property was merely in possession of Smith, being used by him, and nowhere has any knowledge been brought home to Sanders that Smith claimed the property as his own, or was exercising any acts of ownership over it calculated to mislead any one, unless the same could arise by reason of the use and possession thereof. The evidence upon the contrary affirmatively establishes that the property here was known as the property of the defendant in error by the community in which these parties resided, and the mere fact that personal property is in the possession and use of another cannot estop the owner from asserting ownership thereof. This court, in Lockwood Bros. v. Frisco Lumber Co., 22 Okla. 34, 97 Pac. 562, said:

"In the language of 1 Mechem on Sales, § 154: 'It is a fundamental doctrine of the common law, from which all discussion of the question must proceed, that, in general, no one can transfer a better title to a chattel than he himself possesses.' Again (section 155): 'The universal and fundamental principle of our law of personal property is that no man can be divested of his property without his own consent, and, consequently, that even the honest purchaser under a de-

fectiye title cannot hold against the true proprietor.' "

And in the syllabus in this case it is said:

"Simply intrusting the possession of chattels to another by the owner under a conditional executory contract of sale is insufficient to estop the owner from setting up title thereto against an innocent purchaser thereof for value and without notice of the condition from the person so intrusted."

And in Hill v. Van Sandt, 1 Kan. App. 367, 40 Pac. 676, it is held: The owner of goods under execution as the property of another is not estopped to set up title to the property merely because he allowed the judgment debtor to take possession of the goods and hold himself out as their owner. In 40 R. C. L. page 777, is said:

"Mere possession and control of personal property is not sufficient to estop the real owner from asserting his title against a person who has dealt with the one in possession on the faith of his apparent ownership. * * *"

See, also, Kiewel v. Tanner, 105 Minn. 50, 117 N. W. 231, 25 L. R. A. (N. S.) 772.

In Neubauer v. Gabriel, 86 Wis. 400, 56 N. W. 733, it is held: A lessor of personal property, by permitting a lessee to go into possession, is not estopped from asserting title thereto, as against a mortgagee of the lessee, since otherwise any lessor of chattels would be in danger of losing his property. See also, Kiefer v. Klinsick, 144 Ind. 46, 42 N. E. 447; Klein v. Seibold, 89 Ill. 540; Kershaw v. Merritt, 194 Mass. 113, 80 N. E. 213; Paden v. Goldbaum, 4 Cal. Unrep. 767, 37 Pac. 759; Anderson v. Heile, 23 Ky. Law Rep. 1115, 64 S. W. 849; McGinley v. Brechtel, 4 Neb. Unof. 552, 95 N. W. 32; Greening v. Elliott, 38 La. Ann. 290; Angell v. Hopkins, 79 Cal. 181, 21 Pac. 729; Levi v. Booth, 58 Md. 305, 42 Am. Rep. 332.

The evidence here does not justify the recovery of damages in any sum, for the record is essentially lacking in that respect, and to this extent the judgment of the lower court will be modified, and this cause affirmed, and the costs here will be divided equally between the plaintiff in error and the defendant in error.

By the Court: It is so ordered.