E. B. HESS, Appellant, v. ELSIE MASTERS et al., Appellees.

**ESTOPPEL: Nonreliance on Acts of Ownership.** A husband *who is in fact the owner of property*, but who, without making any gift of the property to his wife, allows her to deal with and handle it as her own property, may nevertheless assert his ownership against his wife's creditor who became such long before the husband even purchased the property.

*Appeal from Delaware District Court.*—E. B. STILES, Judge.

JANUARY 10, 1922.

ACTION in equity by plaintiff as judgment creditor to subject certain property alleged to be owned by Elsie Masters as judgment debtor and claimed to have been conveyed by her to defendant George Masters to defraud plaintiff. The opinion states the facts. Decree entered in favor of defendants and plaintiff appeals.—*Affirmed.*

*Voris & Haas* and *Arnold & Arnold*, for appellant.

*Carr & Carr* and *Edwards, Longley, Ransier & Harris*, for appellees.

DE GRAFF, J.—In 1913 a judgment in favor of the plaintiff Hess was entered against defendants George and Elsie Masters,

husband and wife. Subsequently the judgment against George was set aside upon a showing that he had been discharged in bankruptcy in 1911.

In 1915 the Masters went into possession of the Globe Hotel at Manchester, Iowa and continued the management of the business until a short time prior to the commencement of the instant suit.

In 1919 having purchased the Bowen Cafe, it was decided by the Masters to sell the equipment of the Globe Hotel, and for this purpose a public sale was advertised and the property was sold for $600.

Plaintiff seeks to sequester in this action these proceeds, now in the hands of the defendant Hesner, clerk of the sale.

It further appears that a few days before the sale a bill of sale of the property in question was executed and delivered by Elsie to George Masters, and this fact having been called to the attention of the plaintiff, execution was issued on the judgment against Elsie, and the moneys in the custody of clerk Hesner were garnished.

On December 17, 1919 George Masters served on the sheriff a written notice of his ownership of the funds in question. Thereupon the petition in this case was filed in which it is sought to set aside the bill of sale as fraudulent, and to confirm the lien of the execution upon the proceeds of the sale. Defendant George Masters filed answer disclaiming any rights under the bill of sale from his wife, and claiming title as the real owner under the original bill of sale to him from the former owner.

This action is predicated on Code Sections 4087 *et seq.* and is in the nature of a creditor's bill. The issues present two questions on this appeal:

(1)  Is defendant Elsie Masters the owner of the property sought to be subjected to the payment of the unsatisfied judgment held against her by plaintiff?

(2)  Does an estoppel either by deed or *in pais* arise to preclude George Masters from asserting his claim of title to the property in question?

1.  Who is the real owner? This is the primary and controlling fact question. The evidence discloses that the lease of the hotel together with the furnishings was sold and assigned to

George Masters in 1915 by the then owners. It also tends to prove that George paid in consideration therefor between $800 and $900 and that he borrowed $450 from his brother-in-law to complete his first payment on the purchase price. George and his wife were coworkers in the management of the hotel, but the wife possessed the managerial ability. It was her privilege to work for her husband and give him the benefit of her earnings if she chose to do so. The wife could have acquired this property either by gift or purchase. There is no claim that a gift to her was made and the evidence establishes with reasonable certainty that the husband purchased the property in the first instance and never parted with the title.

We are not inclined to disturb the finding of the trial court in answer made to the first question presented.

2. Do the acts and conduct of George Masters in relation to the hotel business estop him from claiming the benefits of the proceeds of the sale as against the claim of plaintiff? This estoppel is predicated on the following facts and circumstances: (a) The execution and delivery of the bill of sale by Elsie to George. (b) That George permitted his wife Elsie to represent herself to the public as the owner and manager of the Globe Hotel. (c) That George permitted Elsie to assume the initiative and control in the purchase of the Bowen Cafe. (d) That George impliedly, if not expressly, permitted Elsie to handle all earnings of the Globe Hotel and deposit same in the bank in the name of "John Croyle by E. M."

The fundamental principle of estoppel is that the party against whom the claim is made intended that the party claiming the estoppel should rely to his prejudice upon the acts alleged to create the estoppel. May it be said that there was any intention on the part of George Masters that the plaintiff should rely upon the bill of sale to establish the fact that the property had previously been owned by Elsie Masters? With or without the bill of sale the question remains who is the true owner of the property. Had no bill of sale been made George Masters had the right to claim the property and the bill of sale created no greater or less right in him. In his answer to plaintiff's petition he disclaims and repudiates it.

We recognize the rule that a grantor as against the grantee

may be estopped by the recitals of the instrument thereby creating an estoppel by deed. However, the grantee by accepting a deed and going into possession is not estopped to deny the title of his grantor unless he claims under the deed. In the instant case it is obvious that the plaintiff extended no credit to the wife Elsie in reliance upon the fact that she was the owner of the hotel property, since the indebtedness upon which the judgment against Elsie was entered was created years before the property in question was acquired by George Masters. This is also true as to the other facts and circumstances upon which the estoppel is predicated. Had the plaintiff extended credit to Elsie upon any one of the facts or circumstances alleged and claimed by plaintiff, then George Masters would be estopped to claim ownership to defeat the creditor's rights. As to a judgment creditor of an antecedent debt the real owner of property sought to be attached is not estopped to set up a claim of ownership against such creditor of the apparent owner of the property. *De Vore v. Jones,* 82 Iowa 66; *Moore v. Rawlings,* 137 Iowa 284; *Hill v. Van Sandt,* 1 Kan. App. 367 (40 Pac. 676); *Bouquot v. Awad,* 54 Okla. 55 (153 Pac. 1104); 16 Cyc. 723.

That the claims of plaintiff may be more clearly understood we will recite the material facts as disclosed by the record in these particulars.

The business of the hotel from the beginning was chiefly managed and conducted by the wife Elsie and the stationery of the hotel disclosed the name "Mrs. Elsie Masters Proprietress." This was permitted because of her superior ability as a manager and also because of her reputation in the community for good cuisine. It is also true that the element of fear actuated defendants in their business career. George had gone through bankruptcy and it is apparent that neither George nor his wife understood the effect of bankruptcy and his discharge. They must have known that it did not prevent a judgment being entered against George although it was subsequently set aside. Elsie testified: "I was afraid of that bankruptcy deal." It is reasonable to suppose that had they known the true effect of his discharge no camouflage in the conduct of the hotel would have existed. Common sense would have dictated that the deposits in the bank should be made in the name of George Masters. The

same is true in the purchase of the Bowen Cafe property, and in the recognition of Mrs. Masters as the proprietress and manager of the Globe Hotel,

At the time it was decided to sell the furnishings and equipment of the Globe Hotel hand bills and newspaper notices were printed which originally bore the signature of ''Elsie Masters, Owner.'' George took the copy of these advertisements to the printer but at that time they were unsigned. The printer presumed that Elsie Masters was the owner and attached her name. This was later changed. The appearance of the plaintiff on the streets of Manchester at this time was the immediate cause of the execution and delivery of the bill of sale by Elsie to George, but this incident in no wise changed the true situation as to ownership.

The evidence also discloses that a receipt for $300 in payment of the property was issued in her name at the time of the purchase of the Bowen Cafe, and it is conceded that Mrs. Masters again took the initiative and that she personally attended to the purchase of most of the cafe equipment. Prior to the suit this receipt was corrected and the name ''Elsie'' was changed to ''George'' at his instance and request.

It also appears that as early as March 1914 a bank account was opened with the Delaware County Savings Bank in the name of ''John Croyle by E. M.'' John Croyle was Elsie's father. In this account were deposited the earnings of the Globe Hotel. This continued until January 1919 when the balance of $720.26 was withdrawn and a new account was opened in the name of George Masters. During all of this time George knew the condition of the bank account and in fact opened the original account himself.

Unless it is shown that plaintiff has been prejudiced in the collection of his judgment he is not in a position to successfully plead an estoppel. It is not so shown whether we view these incidents singly or collectively. Wherefore the judgment entered by the trial court is—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.