### HAULSEE et al. v. REICHERT.

No. 20750. Opinion Filed Feb. 2, 1932.

W. M. Haulsee, for plaintiffs in error.

Anglin & Stevenson, Forrest M. Darrough, and Lynn Adams, for defendant in error.

HEFNER, J. This is an action in replevin brought by Frank J. Reichert against W. M. Haulsee and Lake Wewoka Park Company to recover a merry-go-round and accessories. Plaintiff claimed title under a chattel mortgage executed by J. W. Hildreath. Defendant claimed title under a bill of sale executed by Ralph R. Miller.

It appears that plaintiff originally became the owner of the property in 1922. During January of that year, he entered into a written rental contract with Bert Lucas whereby he leased the property to him for the purpose of conducting carnivals throughout the country. Lucas agreed to pay him 60 per cent. of the net profits as rentals thereon. Lucas continued to use it under the lease contract until sometime in the spring of 1927. Plaintiff, thereafter and on March 17, 1927, rented the property to J. W. Hildreath under a written contract similar to the one he had with Lucas. Hildreath operated the property until sometime in the latter part of 1927, when he sold it to Ralph R. Miller. He had not acquired title to the property at the time Miller purchased it. On January 20, 1928, Hildreath purchased the property from plaintiff for the sum of $2,000 and made a cash payment of

$500, and executed the mortgage in question to secure the balance of the purchase price.

These facts are undisputed and the jury returned a verdict in favor of plaintiff. Defendants have appealed and assert that the court erred in refusing to give the following requested instruction:

"You are instructed that if the true owner clothes another with apparent ownership so that authority to sell may be implied, a bona fide purchaser will take the title free from any claim by the owner."

This instruction correctly states the law, but it is not applicable to the facts here presented. There is no evidence that plaintiff clothed Hildreath with apparent ownership or apparent authority to sell the property. The court, therefore, committed no error in refusing the requested instruction.

The following instruction was given:

"You are further instructed that the possession of personal property is prima facie evidence that such person is the owner and has the right to sell and convey the same to any person, and to overcome such presumption of evidence, those dealing with the party who had possession of the property should have notice, either actual or constructive, that the party in possession of the same was not the true owner thereof."

This instruction was more favorable to defendants than they were entitled to under the law. Thereunder the jury was advised that before plaintiff could recover it devolved upon him to prove that the defendants had either actual or constructive notice of want of title in Hildreath and Miller at the time they purchased the property. This is not the law in the absence of a showing that plaintiff clothed Hildreath with some indicia of ownership or apparent authority to sell. In vol. 24 R. C. L., at page 375, the following rule is announced:

"It is well settled that one having possession of personal property as a bailee can give no title thereto to a purchaser, although the latter acts in good faith and parts with value and is without notice of the want of title in his seller. The mere possession of chattels, by whatever means acquired, if there is no other evidence of property or authority to sell from the true owner, will not enable the possessor to give a good title. As has been well said, owners of goods for commercial and other purposes must frequently intrust others with the possession of them, and the affairs of men could not be conducted unless they could do so with safety. So long as the possession of the goods is not accompanied with some indicia of ownership, or of right to sell, the possessor has no more power to divest the owner of his title, or to affect it, than a mere thief. * * *"

Again at page 379, the author says:

"* * * But the mere intrusting of the possession of chattels to a third person as bailee is not such a clothing of him with the indicia of ownership as will estop the owner from asserting his title even against a bona fide purchaser for value. * * *"

In the case of Hussey v. Blaylock, 21 Okla. 220, 95 P. 773, it is held:

"In an action of replevin, where the evidence discloses that plaintiff had never parted with the title to the property, but only with possession thereof, to another, it was error to refuse to instruct the jury to return a verdict for plaintiff, although the evidence disclosed defendant to be an innocent purchaser for value from such possessor."

See, also, the case of Alexander v. Busch, 66 Okla. 17, 166 P. 900.

Defendants also requested several other instructions. They raised the identical question above disposed of and we deem a further discussion unnecessary.

Judgment is affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., not participating.