THOMAS HURT, Respondent, v. NARCISSA B. JONES, Appellant.

### Kansas City Court of Appeals, February 15, 1904.

1. **REAL ESTATE BROKER: Commissions: Principal and Agent: Ratification.** Where a landowner on full knowledge adopts a sale made by a broker and conveys the land to the purchaser named in the contract he is estopped to deny the broker's agency and his right to compensation, and such owner may claim benefits of a contract made by his agent with the broker. .

2. **EVIDENCE: Value of Services: Custom.** Though a custom may not be proven to alter a general principle of law, yet such evidence is admissible as to the value of services.

Appeal from Benton Circuit Court.—*Hon. W. W. Graves*, Judge.

AFFIRMED.

*Theo. L. Carns* and *John Burgin* for defendant.

(1) The evidence in no sense supports the verdict. Even if Burgin had been Mrs. Jones' agent to sell said farm and Burgin had come to Missouri and employed Hurt and Hurt had procured Hess, the purchaser, and Mrs. Jones conveyed to Hess, still then Hurt would have no cause of action against Mrs. Jones. Hanback v. Corrigan, 54 Pac. 129; Homan v. Ins. Co., 7 Mo. App. 22; Hill v. Morris, 15 Mo. App. 322. (2) An agent to sell real estate can not delegate his authority to a subagent and obligate his principal to pay subagent's commission. Atlee v. Fink, 75 Mo. 100; McClure v. Ins. Co., 4 Mo. App. 148; Floyd v. McKay, 66 S. W. 518. (3) Thomas Hurt, plaintiff, did not bring the parties together and was not the procuring cause of the sale. Vandyke v. Walker, 49 Mo. App. 381; White v. Twitching, 26 Hun 503; Collier v. Johnson (Ky.), 67 S. W.

830; Jones v. Frost, 53 N. Y. 573, 24 Misc. 208. (4) Hurt, the plaintiff, acted in the interest of Hess and not in the interest of Mrs. Jones, defendant. Haynes v. Frazer, 78 N. Y. 794, 74 App. Div. 627; Callaway v. Trust Co., 5 Atl. 900; Atwater v. Lockwood, 39 Conn. 46. (5) Burgin sold the farm in dispute to Hess under an option held on the farm by Burgin; and Hurt at all times knew of Burgin's said option on said farm. (6) Hurt's claim of real estate commission is an afterthought. Allen v. Rich. College, 41 Mo. 309. (7) There can be no ratification without full knowledge. Atwater v. Lockwood, 39 Conn. 46; Holmes v. Board of Trade, 81 Mo. 137. (8) In a suit in assumpsit for services there can be no recovery without proof of a request or circumstances from which request can be implied. Allen v. Rich. College, 41 Mo. 302; Holmes v. Board of Trade, 81 Mo. 144. (9) Donahue should not have been permitted to testify as to any custom among real estate agents fixing compensation for services over objections made by defendant. Freight Co. v. Stannard, 44 Mo. 71; Ober v. Carson, 62 Mo. 214; Gordon v. Livingston, 12 Mo. App. 274; Bank v. Ward, 100 U. S. 195; Papin v. Goodrich, 103 Ill. 87; Couch v. Coal Co., 46 Iowa 17; Taylor v. Moran, 61 Ky. 121; Coquard v. Bank, 12 Mo. App. 261; Hall v. Benson, 7 Car. & P. 703; Fletcher v. Seekwell, 1 R. I. 271; Pfeill v. Kemper, 3 Wis. 286 and 317; Chenery v. Goodrich, 106 Mass. 566; Shackleford v. Railway, 37 Miss. 208; Bissell v. Ryan, 23 Ill. 569; Shields v. Railway, 87 Mo. App. 637; Bernard v. Mott, 89 Mo. App. 403. (10) In the case at bar there was no evidence of any value of plaintiff's pretended services, and for that reason the evidence fails to support the verdict. Sanford v. Railway, 40 Mo. App. 15; Lemon v. Lloyd, 46 Mo. App. 452; Johnson v. Loomis, 50 Mo. App. 142. (11) The court's instruction to the jury lettered "A" is a false statement of the law and a misdirection of the jury. Burgess v. Allen, 71 S. W. 641; Floyd v. McKay, 66 S. W. 520;

Homan v. Ins. Co., 7 Mo. App. 22; Hanback v. Corrigan, 54 Pac. 129; Atwater v. Lockwood, 39 Conn. 46; Walter v. Clark, 55 Minn. 34.

*Jas. T. Montgomery* for respondent.

(1) A general agent respecting the control and sale of real estate may bind his principal by the employment of a broker for the sale thereof, notwithstanding the principal's instruction to the agent that she would not consent to the allowance of a broker's commission and therefore the demurrer to plaintiff's evidence offered by the defendant as well as the peremptory instruction asked by the defendant at the close of all the evidence were properly refused by the court. Mosby et al. v. Com. Co., 91 Mo. App. 500; Gold v. Sorrell, 26 N. Y. Supp., affirming New York Supp., 1078. (2) The instructions numbered A, B, C, D, E and F, given by the court of its own motion clearly declared the law under the evidence in this case and fairly submitted every issue of fact in the case to the jury. These instructions were indeed more favorable to the defendant than those offered by her and refused by the court. (3) An agent may show in an action for the value of services in selling land what is usually charged in the same place for like services and may introduce real estate agents to testify to the value of such services, although they usually work on commission. Therefore the court properly refused the defendant's fourth instruction. Glover v. Henderson, 120 Mo. 368. (4) The evidence clearly shows that Hurt was the procuring cause of bringing the seller and buyer together in this transaction. Indeed there is no contradictory evidence on this point. The law is too well settled upon this proposition to necessitate the citing of authorities to this court.

BROADDUS, J.—This suit was begun in the circuit court of Pettis county and taken by change of venue to Benton county.

The evidence showed that the defendant inherited from her husband 440 acres of land lying in Pettis and Saline counties. Defendant was a resident in the State of Kentucky during the history of this case. The evidence tends to show that John Burgin, an attorney at law and brother of defendant, had the management of the land. She was desirous of selling it and in February, 1902, Burgin, who was also living in Kentucky, came to Missouri and requested the plaintiff to go with him a day or two and help him to make a sale of the land. Plaintiff declined to go but said he could be of some help at a future time. Subsequently, in April following, he wrote to Burgin as follows:

"A friend of mine wanted me to write to you and make you an offer for your land on both sides of the road. He will give you thirty-two and fifty cents per acre." To this Burgin answered: "I send contract blanks to be filled, then to be signed by your friend. If he desires to do business he may fill these blanks and return them to me and I will let him hear from me promptly when I see his proposition in writing."

A contract of sale and purchase of land was entered into between Hess, the person alluded to in plaintiff's letter as his friend who wanted to buy the land, and Burgin. This contract specifies the title to said land to be in defendant. It was shown that defendant knew of the contract and approved of the sale; in fact, she carried it out with some modification as to payment and conveyed the land to said Hess. Defendant came to Missouri with Burgin and called at plaintiff's house, and he was with them at Sedalia a part of the time while the sale was being consummated, and made affidavits to supply some defect in the title. It was also shown that he loaned Hess $2,000, to make the first payment on the land. It was also in evidence that defendant expressed her satisfaction of the manner in which the sale had been made. There was evidence to the effect that defendant had made a verbal sale of the land to said Burgin prior

to the transaction stated, and had written out a deed of conveyance and taken a trust deed to secure the purchase money but had never made any delivery of the deed of conveyance. However, she conveyed the land in her own name to Hess and the notes for the deferred payments were made payable to her. There was only one witness besides plaintiff as to the value of plaintiff's service who stated that in such cases two and one-half per cent was the usual commission charged by real estate agents. Plaintiff himself testified that his charge was a reasonable one. The extent of Burgin's agency was not shown.

There is no doubt but what plaintiff with the knowledge of Burgin rendered material service in procuring a purchaser for defendant's land. And we can not perceive that it would make any particular difference because the contract of sale procured by the plaintiff was in the name of Burgin instead of in the name of defendant, as it was treated by Burgin and defendant as the sale of defendant's land. The evidence was that she approved of the sale and carried it out with the exception of some change in the manner of payment. And the act of approval by defendant of the contract was an approval of plaintiff's agency. At law, defendant had the right to claim the benefit of the contract made by her agent in his own name. But in doing so, she assumed the obligation to pay the plaintiff for his services whether her agent had the authority or not to employ him. Holmes v. K. C. Board of Trade, 81 Mo. 137. With full knowledge of all the facts she adopts the sale so made and conveys the land to the purchaser named in the contract. She ought to be estopped from denying plaintiff's right to compensation for his services. Mosby v. Com. Co., 91 Mo. App. 500.

The court adopted this theory of the case presented by instruction A, which is as follows: ''The court instructs the jury that if you find and believe from the evidence that John Burgin was the agent of Mrs.

N. B. Jones for the transaction of her business and that said John Burgin directed the plaintiff in the suit to sell the farm of Mrs. Jones and the said plaintiff did sell said farm, and Mrs. Jones completed said sale thereafter, with the purchaser procured by plaintiff, then you will find for the plaintiff,'' etc.

The witness Donahue testified that two and a half per cent was the usual and customary charge for real estate. To this evidence defendant objected. A great many cases have been cited upon the question raised but we find they have no application. They are to the effect that evidence of custom is never admissible to oppose or alter a general principle or rule of law so as to make the rights and liabilities of parties other.than they are at law. Southwestern Freight & Cotton Press Co. v. Stanard, 44 Mo. 71; Ober v. Carson, 62 Mo. 214. But such evidence is always admissible to prove the reasonable value of services. It follows therefore that there was competent evidence of the value of plaintiff's services. Besides, plaintiff himself testified that they were reasonable.

The question of whether plaintiff was acting as the agent of Burgin or defendant was submitted to the jury and the finding was that he was the agent of defendant. But under the ruling, that question has lost its significance.

The cause is affirmed. All concur.