H. L. SMITH v. S. W. JARVIS ET AL.

Decided June 29, 1907

**1.—Boundaries—Footsteps of Surveyor.**

In establishing the boundaries of a survey the primary object is to ascertain and follow the footsteps of the original surveyor. Where in a boundary suit the plaintiff claimed that the footsteps of the original surveyor could be identified by mounds of earth at the corners of the surveys, and the defendant claimed that the line should be established by running from a certain known corner on the same magnetic variation used by the original surveyor, the evidence being conflicting, a finding of the court in favor of defendant's theory will not be set aside on appeal.

**2.—Same.**

It is not a rule of law of universal application that in the absence of natural or artificial objects identifying a survey on the ground, the proper method of locating a survey is to run course and distance from the nearest identified object or corner called for in the fieldnotes of said survey or its connections,

Appeal from the District Court of Lubbock County. Tried below before Hon. L. S. Kinder.

W. D. Benson and H. C. Randolph, for appellant.

John R. McGhee and L. W. Dalton, for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellant sought to enjoin appellees, road overseer and county commissioners respectively, from opening a public road along a line which he alleges traversed three sections of land owned by him, and from an adverse decision has perfected this appeal.

The cause was tried upon the following written agreement between the parties: "It is agreed by and between the parties to the above entitled and numbered cause that the only issue to be tried and determined by the court on the trial of this cause is and shall be the true and correct location on the ground of the public road involved in this controversy as said road was intended to be located by the Commissioners Court ordering the same. It is agreed that Lubbock County is entitled to have a public road sixty feet in width running due west from the southwest corner of section 1, in block 0, to the west boundary line of said county and the north boundary line of sections 41 and 42 in block A-K, and the north boundary line of sections 1, 2, 3 and 4 in block D 6 as the said lines were originally run and located by the surveyors, who originally located and surveyed the said sections of land, shall be considered and agreed upon as the middle or center of said road for all purposes of this suit, and it is agreed that it was the intention of the Commissioners Court in ordering the said road laid out and established as a public road, to have it located on the lines as above indicated. It is also agreed that the burden of proof shall be on the plaintiff to establish his cause of action, if he has any, by a preponderance of the evidence to the satisfaction of the court. Now, if the plaintiff shall establish by a preponderance of the evidence to the satisfaction of the court, (1) that the said road as surveyed by Captain C. W. Holt, the then county surveyor of Lubbock County, and as viewed out by the jury of view and reported to the Commissioners Court and which was ordered established by the said court, is not on the section lines as above indicated and (2) that the said road as surveyed out by said county surveyor, viewed out by said jury of view and established by order of said court, is wholly on his land as alleged in his pleadings, then in such two events it is agreed that plaintiff is entitled to a judgment enjoining the defendants from interfering with his land in any way and that said injunction shall be perpetual. If plaintiff fails to carry the burden of proof and establish his cause of action, if he has any, by a preponderance of the evidence to the satisfaction of the court then it is agreed that he shall take nothing by his suit and pay the costs of same."

Appellant's contention briefly stated is that the footsteps of the original surveyor, who platted the sections in controversy in the

spring of 1879, may be retraced by marked corners along the pro-
posed line of the public road, which corners were made of earth
by using a spade, and which corners the evidence indicates are now
to be found upon the ground. The evidence of the original surveyor,
along with that of other surveyors, indicates that this is true. The
field notes of these surveys, however, do not call for earth mounds,
but merely call for a stake, and it is therefore insisted that to
adopt these mounds as the true corners would be repugnant to the
field notes, and therefore not permissible. But the principle in-
voked is not applicable. It is not a case where well defined objects
called for in the field notes are found on the ground, but rather
a case ·of proving the actual footsteps of the surveyor from the
establishment of corners not called for in the field notes, but not
inconsistent with the calls actually made, which are not to be found
or identified. If the line west from the southwest corner of section
No. 1 in block 0 is projected on a variation of the needle identical
with the variation found to have been used in surveys east and
south of such beginning corner made by the same surveyor in 1879,
it will result in deflecting the north boundary line of appellant's
sections three hundred to five hundred feet south of the line
indicated by the original work, as evidenced by the earth mounds
referred to. While the surveyor who did the original work testi-
fied that he intended to use and thought he did use the same varia-
tion in all his work, still we think this circumstance should not
control, and that the method of establishing the line insisted upon
by appellant, that is, the observance of the line actually marked,
affords the most certain method for establishing the north boundary
line of appellant's land and the proposed route of the public road.
It is accordingly ordered that the judgment of the District Court
be reversed and judgment here rendered in appellant's favor, per-
petually enjoining appellees from opening and establishing the pro-
posed public road along the route surveyed by them.

### OPINION ON REHEARING.

A re-examination of the record discloses that we were in error
in stating, as we did in the original opinion filed herein, that the
marked corners along the line of the proposed public road are now
to be found on the ground, and since our judgment was based upon
such erroneous conclusion, we set the same aside and now enter
judgment affirming the judgment of the District Court.

While we may not be at all satisfied with the cor rectness of the
survey made by appellees' surveyors, still under the agreement
upon which the case was tried, and the rule of law placing the
burden of proof on appellant, as plaintiff, we are not satisfied to
say that appellant's evidence was such as to compel a finding in
his favor. The method adopted by appellees to establish the line
in dispute; that is, to run the same west from the southwest corner
of section 1, block 0, upon the variation of the needle proved by
test to have been employed in the blocks from which appellant's
surveys take their connections—is not an improper method of con-

struction, and if the court discredit appellant's testimony tending to show the footsteps of the original surveyor, we can not say his judgment is without evidence to support it. Besides, as it is pointed out by appellee in his motion for a rehearing, appellant's only assignment of error does not complain that the footsteps of the surveyor as found on the ground were not followed, but his only proposition is that, "In the absence of natural or artificial objects identifying a survey on the ground, the proper method of locating a survey is to run course and distance from the nearest identified object or corner called for in the field notes of said survey or its connections." This is not a rule of law of universal application, and may or may not be the proper method in the present case.

Appellees' motion for a rehearing is therefore granted and the judgment of the District Court is affirmed.

*Affirmed.*