BENHAM *v.* FERRIS.

BROKERS—COMPENSATION—PRINCIPAL AND AGENT.

> No liability is shown to a plaintiff for negotiating a sale of defendant's lands, under testimony that the defendant offered a third person all he might obtain above a specified sum if he should obtain a purchaser, and the third person, without authority, arranged with plaintiff to find a buyer; the defendant not being shown to have given authority to employ plaintiff, or to have known that the latter was acting as his agent.

Error to Barry; Smith, J. Submitted January 5, 1910. (Docket No. 6.) Decided February 3, 1910.

Assumpsit by Charles B. Benham against Alonzo Ferris for commissions on the sale of real estate. A judgment for plaintiff is reviewed by defendant on writ of error. Reversed.

*Thomas Sullivan,* for appellant.

*Colgrove & Potter,* for appellee.

Plaintiff sued defendant, a nonresident of the county, in justice's court, employing the writs of attachment and of garnishment. As appears by the return of the justice of the peace:

" The plaintiff declared on the common counts in assumpsit, and especially on a contract whereby defendant agreed to give the plaintiff a certain sum of money in case plaintiff found a purchaser for defendant's farm."

Defendant did not appear, and judgment for the plaintiff was rendered. On appeal to the circuit court various objections were made to the pleading in justice's court, to the admission of testimony, to the charge of the court, and to refusals of the court to charge as requested by defendant. A jury returned a verdict for plaintiff, and

judgment followed.     A new trial was asked  for, and was refused.

OSTRANDER, J. (*after  stating  the  facts*).   We  shall consider but one of the  numerous  assignments of  error, which  is  the  refusal of the  court to  charge  the  jury that:

" Under the undisputed evidence in this  case there was no such contract of  agency proven and established by the plaintiff that will bind the defendant, Mr. Ferris, to the payment of a commission to the plaintiff, and the plaintiff cannot therefore recover under the proofs in this  case."

It is not claimed that defendant ever  made  any  agreement with plaintiff to sell his lands, or  ever  saw or communicated with plaintiff.    The  claim of plaintiff is  stated in the brief in this way :

" It is our  claim in the case at bar that there was sufficient testimony  as  to  defendant Ferris' knowledge of Mingus' dealings  and  transactions  with Benham, and of his ratification of such transactions, to justify the jury in finding that Mingus was in fact the  agent of Ferris, with full authority to make the  contract on Ferris' behalf with Benham; and, if they so found, they had  a  perfect right to consider the statements of  Mingus, as  testified to by Benham, as being part of the  transaction, of the benefits of which Ferris availed himself with full  knowledge of the facts, which constituted a ratification on his part."

There is testimony tending to  prove an  agreement between defendant and one Mingus, that if  Mingus would sell defendant's farm, he might have all he could get more than $1,800.    There is testimony tending to  prove that Mingus availed himself of the services of plaintiff upon an arrangement  made  between them.    There is testimony tending to prove that plaintiff brought about a sale of the land in two parcels for more than $1,800, and that defendant accepted from Mingus the sum of $1,800, and conveyed the  land; the  plaintiff  being named as vendee in one of the  deeds.    We have  discovered, and have  been referred by counsel for appellee to, no testimony tending to prove any authority of Mingus to employ plaintiff on

defendant's account, or to make for defendant any arrangement with plaintiff, and none tending to prove that defendant ever supposed that plaintiff was claiming to act as his agent, or was assuming so to do.   The jury should so have been instructed.

Judgment is reversed, and a new trial ordered.

MONTGOMERY, C. J., and BROOKE, BLAIR, and STONE, JJ., concurred.