## Sims v. St. John.

### Opinion delivered December 23, 1912.

1. AGENCY—DELEGATION OF AUTHORITY.—An agent employed for a special purpose can not delegate his authority to some one else. (Page 683.)

2. BROKERS—RIGHT OF SUBAGENT TO RECOVER COMMISSION.—Where a sale of real estate is made by an agent with the assistance of a subagent under an agreement to divide his commission with him, such subagent is not entitled to recover a commission for the sale from the owner of the land, there being no privity of contract between them. (Page 684.)

3. SAME—RATIFICATION OF SUBAGENT'S EMPLOYMENT.—Where the owner of land employed a broker to effect a sale thereof, the mere fact that the land owner knew that such broker employed a subagent to assist will not constitute the subagent an agent of the former, so as to entitle the subagent to look to the former for his compensation. (Page 685.)

Appeal from Woodruff Circuit Court, Southern District; *J. S. Thomas*, Special Judge; affirmed.

### STATEMENT BY THE COURT.

This is a suit by appellant, a real estate broker, against appellee for commission on a land sale. Appellant alleged that appellee owned 2,800 acres of land in Woodruff County; that these lands were placed for sale with him by one J. T. Black, who was the appellee's agent; that appellant procured a purchaser who bought the lands, and that he was entitled to compensation for his services in the sum of $1,500.

The appellee answered, denying that Black was his general agent, and denying that he knew the appellant or ever had any business transactions with him. He admitted that he listed his lands with Black to sell, but denied that Black made any sale of the lands.

The court, when the testimony was concluded, directed a verdict in favor of the appellee, and rendered judgment in his favor.

The facts upon which appellant relies to reverse the judgment are stated by his counsel as follows:

"Some years prior to the transaction involved in this controversy, A. A. St. John, appellee, then a resident of Indiana, bought 2,800 acres of land and timber in the southern district

of Woodruff County, paying therefor the sum of $50,000. About a year before this suit was instituted, appellee engaged one J. T. Black, a real estate agent at Brinkley, Arkansas, to sell said land and timber upon terms of $100,000 net to appellee, with the agreement that said Black should have for his commission all sums over and above that amount, for which he might procure a purchaser. Black, it seems, put forth some effort to sell the land, and among the other things he did was to employ S. C. Sims, appellant, a real estate broker at Hazen, Arkansas, to sell said lands upon terms of $100,000 net to appellee and the commissions made to be divided between the appellant and said Black. Appellant at once began advertising the land and induced several parties to go on it and inspect the timber, and in the meantime reported all his actions to Black, and Black reported them to appellee, who states in his testimony that he knew that appellant was endeavoring to sell the land. Appellee became anxious to dispose of the property, and modified the terms by offering Black $2,000 in the event he procured a purchaser at the price of $100,000, and this fact was made known by Black to appellant.

"Among those whom appellant interested in the sale of this land was the Interurban, etc., Real Estate Company, of Memphis, Tennessee, hereafter known as interurban company. This company expended considerable sums of money in placing the land and timber upon the market, having the timber estimated and sending parties to Woodruff County to look over the tracts. All of its acts in this respect were reported to Sims, Sims reported to Black, and Black reported to appellee.

"Among the parties before whom the interurban company placed the proposition was the McLean Lumber Company of Memphis, Tennessee, and immediately after the interurban company submitted the proposition to the McLean Lumber Company, the lumber company took the matter up direct with appellee, who came from his home in Indiana to Memphis to close up a sale of the oak and ash timber on the land for $70,000. Appellee then sold the remaining timber for $25,000 and stated that the land was worth $28,000. Immediately upon submitting the proposition to the McLean Lumber Company, the interurban company reported that fact to appellant, appellant reported it to Black, and Black reported

it to appellee, according to appellant's testimony, although the fact is denied by appellee."

In addition to the above, the appellant testified that he had never had any correspondence with appellee, and never saw him before the transaction was consummated.

*Manning & Emerson* and *J. G. & C. B. Thweatt,* for appellant.

1. In considering whether or not the court was correct in directing a verdict against the appellant, the evidence is to be given its strongest probative force in his favor. 95 Ark. 560. And if, having done so, there is any testimony upon which a verdict of the jury might have been sustained, or which would have required the court to submit the issues to the jury, then the court erred in directing the verdict.

2. Where a broker has performed services, and a sale has been made, the law favors a construction of the contract, if any, and an interpretation of the facts and the acts of the parties, most favorable to the broker. 59 Pac. 60-61; 65 Atl. 930-32. The existence of the agency and the nature and extent of the agent's powers are questions of fact to be determined by the jury from the evidence, under proper instructions. *Id.;* 19 Cyc. 286.

3. Appellee errs in his contention that appellant can not recover because he was not employed by appellee, but was a mere subagent. A subagent, or an agent or broker employed by an agent or principal, where he renders the services and is the procuring cause of the sale, may recover commissions from the principal. 81 S. W. 574; 9 N. W. 367; 45 S. E. 413; 79 S. W. 486; 70 N. W. 120-22; 83 Ark. 404. Appellee is bound also because he ratified the acts of appellant in acting as his agent and procuring him a purchaser. 83 Ark. 404; 11 Ark. 192, 205; 23 Am. & Eng. Enc. of L. 900-903. An agent is entitled to commissions if in any way, by advertisements, exertions or otherwise, he is instrumental in causing the sale. 89 Ark. 195-203; 76 Ark. 375-6; 53 Ark. 49, 52.

*Harry M. Woods* and *Allen Hughes,* for appellee.

1. Appellant can not maintain his action because there is no privity of contract between him and appellee. This case does not fall within the exception to the general rule

that an agent can not delegate his authority. Black, the agent, lived in Arkansas, and near the land that was to be sold, hence the cases relied on by appellant are not in point. The question of commission on the transaction growing out of Black's agency was one wholly between Black and St. John. If appellant performed services entitling him to compensation, his right of action was against Black. 1 Clark & Skyles on Agency, 971; 54 Pac. 129; 106 Ky. 410; 71 Wis. 292; 53 Miss. 458; 7 Mo. App. 22; 33 Fed. 915; 31 Mont. 314; 95 S. W. 562.

2. Appellant never assumed nor professed to be the agent of St. John. Ratification will not be implied. 1 Clark & Skyles on Agency 340; 30 L. R. A. (N. S.) 347; 124 N. W. 538.

WOOD, J., (after stating the facts). The facts stated do not show any privity of contract between the appellant and the appellee. There is nothing in the facts to warrant the conclusion that appellee authorized his agent, Black, to employ the appellant in connection with the business or procure a purchaser for the land about which the contract was entered into. There is nothing to show that the appellee and Black, when they entered into the contract, contemplated that it might be necessary for Black to employ agents in order to procure a purchaser. Certainly, nothing to show that if Black did employ such agents appellee would be liable for their compensation.

The uncontroverted facts, as stated, did not take the case out of the operation of the general rule that an agent employed for a special purpose can not delegate his authority to some one else. *Bromley* v. *Aday*, 70 Ark. 354; *North American Trust Co.* v. *Chappell*, 70 Ark. 508.

We find nothing in the facts stated to bring appellant's case within any of the exceptions to the general rule. There are cases where, from the circumstances surrounding the principal and agent at the time of entering into the contract of agency, authority may be implied for the agent to employ subordinates who are to represent the principal and for whose compensation the principal would be liable. For instance, where a nonresident owner of land employs an agent who is also a nonresident to procure a purchaser for the land or to sell the same for him, it might be implied from the circumstances that the agent was authorized by the principal to

employ a subagent where the land is situated in order to enable him to procure a purchaser and to effect a sale. Such was the case of *Eastland* v. *Maney*, 81 S. W. 574, and *Hurt* v. *Jones*, 79 S. W. 486. In the former case the owners of the land and the agents enployed to sell the same were residents of California, and the land was situated in Texas. The agents employed a subagent living in Texas to procure a purchaser. The court, in that case, after recognizing the general doctrine that an agent, in the absence of any authority, expressed or implied, has no power to employ a subagent, said: "There are, however, exceptions and modifications of the rule, growing out of the necessities and exigencies of a case, or based upon the custom or usage of trade in like cases. There are instances where the employment of subagents is essentially necessary in order to execute the agency, and the authority of the agent will be construed to include the necessary and usual means to properly execute it. * * * It is a fair presumption, growing out of the exigencies of the transaction, that it was contemplated that a purchaser should be obtained through a subagent."

We recognized the principle in *Arkadelphia Lumber Co.* v. *Thornton*, 83 Ark. 403. In that case the owners of the land were residents of Texas, and they authorized an agent, who was also a resident of Texas, to sell the same. The land was situated in Arkansas. The agent authorized to sell employed a subagent to assist him in finding a purchaser. In determining whether the principal was bound by the acts of the subagent with reference to finding a purchaser and assisting in the consummation of the sale we said: "The land being situated in Arkansas and Head, the agent authorized to sell same, being in Texas, it may be fairly presumed that the owners in executing the power of attorney contemplated that W. B. Head would employ a subagent to find a purchaser, and to perform the other merely incidental and ministerial acts necessary to consummate the sale of the land if made to a purchaser in this State." And, further, "Pledger (the subagent) was not vested with any authority or discretion of his own, but only acted as the exponent of Head to do the things which, on account of the exigencies of the situation, Head could not do in person." That case, however, was not

a suit by the subagent against the principal to recover compensation for his services.

There is nothing in the facts stated in the present case to bring it within the doctrine of the above cases. Here the owner of the land lived in Indiana, and employed Black, who lived in an adjoining county to where the lands were situated, as his agent, and there are no exigencies in the case showing that the parties to the contract contemplated that it would be necessary for Black to employ the appellant or any one else as subagent. Appellant lived at Hazen, Prairie County, and was further away from the land than Black. Certainly, there is nothing to indicate that, if Black did employ subordinates to assist him in procuring a purchaser, they should look to the appellee for their compensation.

In *J. B. Watkins Land Mortgage Co.* v. *Thetford*, 96 S. W. 72, it is held that (quoting syllabus): "Where a sale of real estate is made by agents with the assistance of a broker under an agreement to divide their commissions with him, such broker is not entitled to recover a commission for the sale from the owners of the land." See also *Smith* v. *Jarvis*, 105 S. W. 1168.

In our opinion the facts stated show that Black had no authority, either expressed or implied, to employ appellant to act as the agent of appellee so as to render appellee liable for his services. Under the facts of this record there is no privity of contract except between him and Black.

2. The facts stated in the record do not show that appellant at any time throughout the transaction claimed to be the agent of the appellee in procuring a purchaser for the land. On the contrary, the facts all show that he was only claiming to represent Black. He looked to Black for directions. He had no correspondence with St. John, and never saw him before the transaction was consummated. He reported all his actions to Black, and Black reported them to appellee. In none of the transactions of the appellant with reference to procuring a purchaser do we find him professing or assuming to have been employed by the appellee. It nowhere appears that appellee recognized the appellant as his agent, nor that appellee knew that appellant claimed to be his agent. Under the facts stated, it may be said that

appellee knew that his agent Black had the appellant employed, and that appellant performed services in procuring a purchaser for the land. But it nowhere appears that appellee knew that the appellant expected the appellee to pay for those services. The interurban company, whom the appellant interested, and who, according to his statement, procured the purchaser, reported its acts to the appellant, and the appellant in turn reported to Black, and Black in turn reported to the appellee.

These facts fall far short of showing that appellant was looking to appellee for compensation for his services. On the contrary, they do show that he recognized that he was the agent of Black, and not the agent of appellee.

When appellee made the sale under these circumstances, he did not, in so doing, recognize any relation of agency existing between himself and the appellant. At most, his conduct could only be taken as a recognition of the relation of the agency between Black and appellant.

In *Benham* v. *Ferris*, 124 N. W. 538, the court held: "Where an owner employed a broker to procure a purchaser for a commission in excess of the specified sum received for the property and the broker without authority, employed a third person and brought about a sale for more than the specified sum, and the owner accepted from the broker the specified sum, and conveyed the land without knowing that the third person had claimed to act as his agent, the owner was not liable to the third person for commissions."

In 1 Clark & Skyles on Agency, 340, it is said: "The doctrine of ratification properly applies to cases where one has assumed to act as agent for another, and then a subsequent ratification is equivalent to original authority."

The judgment is correct, and it is therefore affirmed.