Palmer v. Meiners.

## ALFRED PALMER, et al., v. MARIA E. MEINERS.

1. JURY TRIALS; *Jury to Weigh and Consider all the Testimony.* It is the province of the jury to weigh the contradictory and conflicting evidence, and also to consider all of the testimony introduced in determining the issues presented; and it is not error for the court to refuse to instruct the jury to the effect, "that if the evidence of the plaintiff impressed their minds as being so unreasonable as to remove a fair presumption of the truth of the statements made by the plaintiff, they should find for the defendants."

2. ESTOPPEL; *Rule Stated.* Where M. told T., an agent of creditors of Z., that certain personal property belonged to Z., her son-in-law, after the claim of said creditors had accrued against Z., and such creditors were not influenced or induced to part with their goods or any property, or to give Z. any extension of credit, *held,* that when said personal property was attached at the suit of such creditors subsequent to the statement of M. to their agent, M. was not estopped thereby from asserting ownership of the property attached, although she had not derived title to the property after the time of said statement.

3. IMMATERIAL ERROR, *Disregarded; Examination of Witness.* Where a preliminary question is asked, and objections thereto improperly sustained, *held,* that the judgment will not be reversed therefor unless it be affirmatively shown that the error affects the substantial rights of the party complaining.

4. TESTIMONY, *When Issue is Immaterial, should be Excluded.* Where an attempt is made to introduce evidence to establish the fact that the plaintiff did not testify on a former trial of the case, such evidence

is rightfully rejected by the court, as tending to introduce an immaterial issue on the trial.

5. DAMAGES, IN REPLEVIN; *When Interest on Value of Property is Proper.* In an action of replevin, in the absence of fraud, malice, negligence, oppression, proof of the value of the use of the property, or of special damages, the measure of the plaintiff's damage for the detention of the property by the defendant, is the interest on the value of the property for the time it was wrongfully detained.

6. JUDGMENT, *Against Persons not Parties, error.* In an action of replevin against a sheriff and under-sheriff for property seized by them on attachment, where the plaintiffs in the attachment proceedings are not made parties defendant, a judgment rendered jointly against said officers and the attaching-creditors is erroneous as to the persons not parties to the suit.

### *Error from Cherokee District Court.*

CLAFLIN & THAYER brought suit against one Fred. Zipp, and sued out a warrant of attachment therein. Said attachment was executed by *A. S. Dennison,* under-sheriff, by levying the same on a span of mares, a double-wagon, a set of harness, one pony, one cow, five steers, and five heifers. Immediately thereafter, *Meiners,* as plaintiff, brought replevin for said property, claiming to be the owner thereof, making *Palmer,* the sheriff, and his under-sheriff *Dennison* defendants. Trial at the January Term 1875. All material facts and proceedings are stated in the opinion. Verdict for plaintiff, assessing the value of the property at $386, and plaintiff's damages, for the wrongful taking and detention thereof, at $21.19. Judgment on the verdict against *Palmer, Dennison,* and *Claflin & Thayer,* all of whom now unite as plaintiffs in error, and bring the record here for review.

*Rucker Bros.,* and *W. H. Whiteman,* for plaintiffs in error.

*H. G. Webb,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Action in replevin, by Maria E. Meiners against Alfred Palmer, sheriff, and A. S. Dennison, under-sheriff of Cherokee county. The property described in the

petition was replevied. The defendants gave bond, retained <span>Statement of the case.</span> it, and afterward sold it. The defense was substantially, that the property in controversy belonged to one Fred. Zipp, against whom the firm of Claflin & Thayer had sued out an attachment, under which process the defendants had attached and taken possession of the property. Mrs. Meiners was the mother-in-law of Zipp, and at the time of the levy she and the family of Zipp lived together on a farm owned by the wife of Zipp, but which Mrs. Meiners claimed to manage and control. The property was attached on this place. Palmer and Dennison disputed this claim, and offered evidence tending to show Zipp exercised ownership over the property, and used it as his own; that the claim of Mrs. Meiners thereto was fraudulent, and only asserted to defraud the creditors of Zipp. The jury returned a verdict for Mrs. Meiners, valued the property at $386, and assessed her damages at $21.19. The jury also returned special findings, to the effect that the property levied upon was not the property of Zipp, that Zipp purchased the same as the agent of Mrs. Meiners, and that the property replevied actually belonged to Mrs. Meiners when the attachment was served. Judgment was rendered that Palmer, Dennison, and Claflin & Thayer return the property, and in case return could not be had, that plaintiff in the court below recover $386 as the value of the property, $21.19 damages, and the costs of suit.

The first error complained of, is the action of the court below as to the instructions contained in the general charge. As to this objection, it is sufficient to say the only exception to the charge was thus taken: "Excepted to by the defendant." The charge as a whole, and in its general scope, is not erroneous, and the exception is unavailing. *Wheeler v. Joy,* 15 Kas. 389; *Sumner v. Blair,* 9 Kas. 521.

Instructions Nos. 4 and 5 given by the court were excepted to because, it is alleged, there was no evidence introduced to sustain the same. Instruction No. 4 reads: "If Zipp was furnished money by the plaintiff with which to buy property

for her, and he did buy property which he afterward turned
over to her and which she accepted in lieu of a
part of said money, such property become and
was hers, whether Zipp paid in money or goods therefor, or
whether he bought it on credit, if it was so accepted before
its seizure by these defendants." And instruction No. 5 is as
follows: "A man in failing circumstances has a right to pay
his debts, and may prefer one creditor over another, and may
pay such one to the exclusion of the others." The testimony
is very indefinite as to any property being turned over to
Mrs. Meiners in payment of debts due her from Zipp; but
there is evidence in the record that Mrs. Meiners advanced
or loaned money to Zipp, and as she claimed to be in the
actual custody of the property at the time of its seizure, we
cannot say that facts sufficient to base said instructions thereon
were absolutely wanting. Admitting however that the evi-
dence did not sustain such instructions, the special findings
of the jury plainly show they could not have prejudiced the
defendants in the court below, and hence the giving of the
same is no cause for reversal of the judgment. *Luke v. Johnny-
cake*, 9 Kas. 511.

The court properly rejected instructions Nos. 3 and 14
asked for on the part of the defendants. No. 3 is to the
effect that, if "the story as related by plaintiff
as to her acquirement of the amount of money
she claimed to have had when she left the old
country, her mode of taking care of it, the discrepancy, if
any, as to the amount she had then, the way she made it, the
length of time she had it, the length of time she had been a
widow, and all of these circumstances related by her, strikes
your mind as being an unreasonable story to the extent of
removing a fair presumption of its truth from your minds,
you must find for the defendants." And No. 14 states, "the
court instructs the jury there is no evidence in this case that
the plaintiff purchased any of the stock in dispute." That
neither of these instructions should have been given, is evi-
dent. No. 3 is not the law. No argument is necessary to

sustain this position.  As there was some evidence before the court, although indefinite, as to the purchase of the stock in controversy, the matter was properly submitted to the jury, and instruction No. 14 rightly refused.  Mrs. Meiners testified, that "the stock was hers, and that she gave her son-in-law money before he went to Colorado, to buy stock with." She also testified, "that she gave him $650 to keep and use for her, and that Zipp brought back from Colorado the wagon, harness, and pony" named in the petition.  The evidence in the case, it is true, is very conflicting and contradictory; but the fact that the jury returned in their special findings, "that Zipp purchased the property as the agent of Mrs. Meiners," is conclusive.  They believed the witnesses for the plaintiff in the court below.  The court had nothing to do with weighing the evidence introduced, and properly refused to invade the province of the jury by giving said 14th instruction.

Objection is also taken to the action of the court in refusing to give an instruction to the effect, "that if plaintiff let Zipp have money to take to Colorado, and he brought back with him a part of the property levied upon, and such property was purchased with the money procured from plaintiff, the presumption of the law is that it was his own property, unless there had been a *bona fide* purchase thereof by plaintiff before it was attached."  There was no error in this refusal, as the court in the general charge had fully covered the subject-matter intended to be presented to the jury in this instruction, and had stated therein more clearly the law upon this identical point.  The court is not bound to repeat instructions to the jury, and should present the same in as simple and concise form as possible.

Objections are also made to the refusal of the court to give instructions Nos. 9 and 10.  The ninth instruction so asked reads :

" If you believe from the testimony that Zipp, in the presence and hearing of the plaintiff told the witness G.W. Todd that he was trading for the farm where this property was

taken from, and had purchased certain personal property to be used thereon, and was going to put the plaintiff then in charge thereof—asking said Todd what the house of Claflin & Thayer would say or think of his trading his old stock of boots and shoes into said farm and stock, and in going to Colorado—and the plaintiff did not dissent from or consent to said statement, you must find for the defendants, provided you find said personal property was taken to the farm and the same or its increase, or property it was exchanged for, is a part of the property in dispute."

The instruction is erroneous, and was never the law. The court might have stated to the jury, that if they found such facts to have existed, they could take them into consideration in determining the ownership of the property; but the court had no right to say "they must find for the defendants." The 10th instruction asked was—

"If you believe from the testimony that the plaintiff told G. W. Todd that Zipp owned the property then on the farm, and she did not after that time, in good faith, purchase the same, you should find for the defendants, provided, you find that said property, its increase, or property with it traded for, is the same or a part of the property in dispute."

Todd was the agent of Claflin & Thayer; and counsel presenting this case claim Mrs. Meiners was estopped, if the statements were made as set forth in the instruction, from claiming the property sued for. It is not alleged in the record that the statements were made to Todd previous to the accruing of the account against Zipp in favor of Claflin & Thayer; nor does the instruction state when the conversation occurred. "Estoppels *in pais* are upheld to prevent gross injustice in cases where one party, having rights in property, by representations or conduct in reference thereto, fraudulently induces another to part with value for that property, and thereafter insists on those rights to deprive the latter of both value and property." *Carithers v. Weaver*, 7 Kas. 110, 125. As Claflin & Thayer were never influenced or induced to part with their goods on such alleged statement, and never gave any credit or extension of pay-

2. Estoppels in pais. Rule stated.

ment thereon, the reason for holding Mrs. Meiners estopped thereby fails. The instruction was properly refused.

A. S. Dennison was introduced by the plaintiff as a witness in the .court below, and after testifying in chief as to serving the attachment, the property taken, the value thereof, and that Mrs. Meiners and Mr. Zipp were present at the time, on cross-examination was asked: "Was Zipp using or exercising any control over any property there on that day?" and was also asked, "if Zipp was present on the day of the sale of the property?" The court, upon objections being made, refused to permit the witness to answer. We find no error herein. The first question was too general in its character, and did not refer to the property in dispute. The last question was incompetent, and wholly irrelevant to the issues presented. For like reasons the court committed no error in refusing the witness Rucker to answer the same interrogatories.

When Mrs. Meiners was upon the witness-stand, she was asked, on cross-examination, "How long was Zipp gone to Colorado?" Also, "How long was he to be gone to Colorado, if you know?" And, whether "Gehart Deeters and you came over in the same passage." The witness was not permitted to answer. Owing to the claim of the witness to the property, the character of her alleged possession thereof, her relationship with the debtor, and the circumstances testified to by her on cross-examination as to giving her son-in-law money before he went to Colorado to buy stock with; that he did go to Colorado; that she brought with her from Germany over $1,200; that she knew Deeters; saw him on the vessel in which she came to New York, the court might have permitted the questions to have been answered. Indeed, we think it would have been better for the court to have overruled the objections thereto, and also many of the other objections to the questions propounded. The utmost latitude should have been given upon the cross-examination of this witness. But a trial court must have some discretion as to the admission and rejection of testimony,

**3. Cross-examination; latitude; immaterial error.**

otherwise there would be no limit to an examination; and we cannot say in this case that such discretion was abused, or that any injustice was done to the plaintiffs in error.

Error is also alleged in the action of the court in permitting the following question and answer, while one Delia Fitzsimmons was being interrogated: "Who was the owner of the property you have just described?" Answer—"Mrs. Meiners was controlling and directing the use of it," etc. In the manner the question was answered we do not see that any conclusion of law was stated, nor that the witness understood that her opinion was desired other than as to the facts of the case. The reply was both intelligent and proper. The objection was properly overruled.

While A. W. McGill was being used as a witness for the defendants in the court below, he was asked, "Did she (plaintiff) testify in this case at the last term of court?" Objected to as irrelevant, and ruled out by the court. We think as a preliminary question this interrogatory was proper and pertinent; and if plaintiffs in error had affirmatively shown by the record that the purpose of the question was to show statements made by Mrs. Meiners at the previous term of the court, we should hold the court committed error in refusing such question to be answered. But taking the whole record together, we come to the conclusion that such question was asked to bring out before the jury the fact that Mrs. Meiners did not testify "in the case at the last term of the court;" and as the purpose of the inquiry was to introduce an immaterial issue in the case, we think no error was committed in sustaining the objection.

<div style="margin-left:0;font-size:smaller">4. Immaterial issue—evidence not admitted.</div>

Error is also claimed because the property was valued by the jury at $386, and the damages assessed at $21.19. The petition states the property to be worth $431. Several witnesses testified to the value of each article sued for, and taking the different values sworn to, the jury found the same worth the amount returned in their verdict. It was their province to weigh the testimony, and as sufficient evidence was pre-

sented to sustain the verdict it will not be set aside because the jury affixed the highest value to each article.

The court instructed the jury, "if their verdict was for the plaintiff, they should find the value of the property in controversy, and assess to plaintiff as damages seven per cent.

5. Damages in replevin. When interest is proper.

interest per annum thereon from the commencement of the action to the present time." The jury, under the instruction, ascertained the interest on the actual value of the property at $21.19. The attachment was served on March 4th 1874, and this suit was commenced on the 7th of the same month. Interest should have commenced from the time the property was wrongfully taken. Still, in the form in which it was given, the plaintiffs in error suffered no injury. In an action of replevin, in the absence of fraud, malice, negligence, oppression, or in the absence of proof of the value of the use of the property, or of special damages, the measure of the plaintiff's damages for the detention of the property by the defendant is the interest on the value of the property for the time it is wrongfully detained. *Bell v. Campbell*, ante, page 213; *Yandle v. Kingsbury*, ante, p. 197; *Ladd v. Brewer*, ante, p. 209; *Blackie v. Cooney*, 8 Nevada, 41; *Berthold v. Fox*, 13 Minn. 501; *Mayberry v. Cliffe*, 7 Caldwell, (Tenn.) 117; *Wood v. Braynard*, 9 Pick. 322; *Allen v. Fox*, 51 N. Y. 565.

The court below rendered judgment, "that the said plaintiff Maria E. Meiners have and recover of and from the said defendants Alfred Palmer, sheriff, A. S. Dennison, under-

6. Judgment against persons not parties, error.

sheriff, and Claflin & Thayer, return of the property replevied in the action, and in case the defendants fail to return to said plaintiff the said property, then and in that case the plaintiff have and recover of and from said defendants," etc. Claflin & Thayer were not parties to the action. They could have been made defendants in lieu of Palmer and Dennison, upon proper proceedings being had in accordance with §§ 43 and 44 of the code, or they could have been substituted for the officers

under §45 of the code. But as no action was taken to make them defendants, the court erred in ordering them to return the property in controversy, and in rendering judgment against them. *Hall v. Jenness,* 6 Kas. 365; *Furrow v. Chapin,* 13 Kas. 112.

This case is remanded with instructions to the court below to reverse the judgment as to Claflin & Thayer, and to affirm the same as to Palmer and Dennison.

The costs in this court must be divided between Palmer and Dennison plaintiffs in error, and Maria E. Meiners defendant in error.

All the Justices concurring.