BOUQUOT *et al.* v. AWAD.

No. 4946. Opinion Filed December 14, 1915.

(153 Pac. 1104.)

1. **PRINCIPAL AND AGENT—Unauthorized Acts of Agent—Ratification—Replevin.** Where A. intrusts an agent with a deed to his real estate, with the name of the grantee in blank, authorizing him to sell such land for cash or to trade it for other real estate, and the agent causes the name of B. to be filled in the deed, delivers the deed to B., takes in consideration therefor a bill of sale to himself of a stock of goods, goes into possession thereof and sells and disposes of such goods as his own without the knowledge of A. until the stock is taken from him by a writ of attachment at the suit of a creditor of such agent, **held**, that an action in replevin by A. to recover the stock of goods from the attaching officer as the owner thereof is not a ratification of the act of the agent in taking a bill of sale of such goods to himself and disposing or attempting to dispose of the same as his own.

2. **PRINCIPAL AND AGENT—Ownership of Chattels.** An owner of chattels is not estopped from asserting his right thereto by reason of the fact that his agent has taken a bill of sale of the same, and has held himself (the agent) out as the owner thereof, against an attaching creditor claiming under a pre-existing debt of the agent, where such creditor has parted with nothing of value, and has not been led to change his position to his prejudice upon the faith of such claim of ownership by the agent.

3.  **TRIAL—Refusal of Instructions.** Instructions given and refused examined, and the action of the trial court in giving and refusing such instructions, **held** to be free from reversible error.

4.  **JUDGMENT—Rendition—Proof—Precedent for Journal Entry.** A precedent for a journal entry of a judgment signed by the judge and filed in the cause **held** not competent evidence of the rendition of the judgment.

(Syllabus by Rummons, C.)

*Error from District Court, Woodward County;*
*James W. Steen, Judge.*

Action by Mohamet B. Awad against John J. Bouquot and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Some time in the year 1910 the defendant in error, hereinafter called the plaintiff, being the owner of 160 acres of land in Ellis county, executed a warranty deed conveying said land, leaving blank the name of the grantee therein, and delivered the same to one Chas. Awad, sometimes known as Chas. Messey, with authority to sell the said land for cash for the sum of $1,200 or $1,500, or to trade the same for other land nearer Oklahoma City, and with authority to fill in the name of the grantee in the blank left for that purpose when a sale or trade was consummated. The plaintiff then left the State of Oklahoma, and some time thereafter Chas. Awad, or Messey, traded the said land to one Frank Beers for a stock of secondhand furniture, hardware, and other goods situated in the city of Woodward, Okla., caused Beers' name to be filled in the blank in the deed, delivered the deed to Beers, and took a bill of sale to the stock of goods to himself. This appears to have been done about December 5, 1910. Thereafter Chas. Awad, or Messey, took possession of the stock of goods and conducted the business in his own name. Some time before December 24, 1910,

this Chas. Awad, or Messey, under the name of Charlie Owad, advertised an auction sale of the stock of goods to be held on December 24th. Thereupon the defendant the Howard Mercantile Company, a corporation, being the owner and holder of three notes executed by Chas. Owad to the Howard Mercantile Company, dated respectively May 27, October 30, December 24, 1909, and maturing respectively December 1, 1909, February 1, 1910, and December 1, 1910, began suit in the district court of Woodward county against said Chas. Owad, and caused a writ of attachment to be issued in said suit and levied upon the stock of goods above mentioned. Chas. Owad then telegraphed to the plaintiff to come to Woodward; and in response to such telegram the plaintiff came to Woodward, and then learned for the first time that Chas. Owad had delivered plaintiff's warranty deed to the land to Beers in exchange for the stock of goods, to which he had received a bill of sale in his (Chas. Owad's) own name. Plaintiff then endeavored to get Beers to agree to a rescission and deed him back the land in Ellis county and take back the stock of goods. This Beers refused to do, and thereupon plaintiff brought suit against John J. Bouquot, plaintiff in error, in which suit the other plaintiffs in error, hereinafter styled the defendants, eventually became parties, and caused a writ of replevin to issue to recover possession of the stock of goods held by the defendants, and also sought in such suit to recover damages for the detention of the stock of goods and for loss of profits by reason of the prevention of the sale advertised for December 24, 1910. At the trial plaintiff recovered judgment awarding him possession of the stock of goods and the sum of $1 as damages. In due

time the defendants filed a motion for new trial, which being overruled, they excepted, and bring this appeal.

*Hoover & Swindall,* for plaintiffs in error.

*Chas. R. Alexander,* for defendant in error.

Opinion by RUMMONS, C. (after stating the facts as above). Counsel for defendants in their brief assign 23 grounds of error as cause for a reversal of the judgment of the trial court. These assignments are grouped under 12 heads. We will consider these assignments as nearly in the order presented as we can in determining this case. Plaintiff in his petition alleges that on the 24th day of December, 1910, he had the goods and chattels which he seeks to recover in a certain store building, and was preparing and had been preparing to make a special sale thereof, as a Christmas sale, at public auction, and that he was prevented from holding said sale because of the attachment of defendants. He also alleges that on said 24th day of December, 1910, he had in his employ one Chas. Awad, whom he was paying and had paid the sum of $2 per day for six days during which time the said Chas. Awad was prevented from rendering service by reason of the attachment of defendants. Plaintiff testified at the trial that he knew nothing of the trade made by Chas. Awad for the stock of goods until he arrived at Woodward in response to a telegram from Chas. Awad, and that he then tried to rescind the trade without avail, and, after finding such rescission could not be made, he brought this action of replevin to take the stock of goods from the possession of the sheriff in whose hands they were when he arrived at Woodward.

Under the first heading of the brief of defendants, embracing their first, second, third, fourth, and fifth

assignments of error, counsel for defendants argue at some length and with considerable ingenuity that the plaintiff by bringing this action of replevin thereby ratified the trade made by Chas. Awad in its entirety; not only that he ratified the delivery of the deed and the conveyance of the land to Beers, but also ratified the act of Beers and Chas. Awad in giving and taking a bill of sale to the stock of goods in the name of Chas. Awad and the taking possession of said Chas. Awad of said stock of goods and selling and disposing of the same for his own benefit. Counsel also seek to show by the allegations of the petition of plaintiff above referred to, which they claim are wholly inconsistent with his testimony, that he ratified *in toto* all the actions of Chas. Awad in the premises. We cannot agree to the soundness of the contention of defendants. Plaintiff by seeking to recover possession of the stock of goods as the owner thereof unquestionably ratified the conveyance of the land to Beers, which question is not involved in this case; but it cannot be said that he thereby ratified the act of his agent, Chas. Awad, in taking the stock of goods in his own name and disposing of it or attempting to dispose of it as his own property. The very fact that he brought his replevin suit seeking to recover possession of this stock of goods as the owner thereof, and his ratification rests solely upon that fact, refutes any claim that he thereby intended a ratification of the act of Chas. Awad in taking for himself this stock of goods; for, if he ratified the transaction in its entirety and intended for Chas. Awad to have the stock of goods for his own, his replevin action would be without foundation, and he would have no claim or right to recover therein. It is apparent from the evidence in the record, which does not seem to be

disputed, that Chas. Awad made the trade in violation of his instructions, and undertook to cheat and defraud his principal out of the stock of goods. He never acquired any title to the stock of goods by his wrongful acts, but during the whole transaction, up to the time the writ of attachment was levied, was in the eyes of the law the agent of the plaintiff. It is apparent that an agent cannot in consummating a trade for his principal take the consideration which he receives for a sale of his principal's property to himself; and, if he attempts to do so, the principal can make him account therefor, and can recover the property taken as consideration for such sale from the agent or any one claiming under him, unless he has been estopped by his conduct in the premises, as will be hereinafter considered.

We do not think the authorities cited by defendants upon the subject of ratification are applicable to the facts in this case. As has been said, the agent, Chas. Awad, acted without authority in making this trade; but plaintiff unquestionably had the right and authority to ratify his acts in making the trade. But the rule sought to be invoked in this case by the defendants that such ratification extends to an acquiescence in and ratification of the wrongful acts of the agent in attempting to take to himself and appropriate to his own use the consideration received by him for his principal's property would make the use of an agent in a business transaction a most perilous thing. Under the contention of defendants, in a case like the one at bar, if the principal acquiesced in and ratified the passing of the title to his property by his agent, where the agent had taken the consideration therefor to his own use and benefit, he would also ratify such wrongful act of the agent, and would thereafter be

estopped from demanding an accounting or a return of the consideration from the agent. If plaintiff had no right to maintain an action of replevin for property wrongfully appropriated by his agent against an officer holding the same under a writ of attachment levied upon it as the property of such agent, he would equally be without right to maintain an action of replevin against the agent to recover his property.

The evidence shows that the plaintiff had no knowledge that his agent, Chas. Awad, had taken this stock of goods as his own and was holding himself out as the owner thereof until he came to Woodward and after the stock of goods had been seized by the defendants under the writ of attachment. There is no evidence to contradict the testimony of plaintiff as to this matter, and there is no evidence of any facts which would have put him upon inquiry. It cannot be claimed that he was bound to presume that his agent would violate his instructions and attempt to defraud him so as to require him to keep constant supervision over the acts of the agent with relation to the property intrusted to the agent. If such were the rule, a principal would have no need of an agent; and it seems from the evidence that only a period of about 20 days elapsed from the taking of possession of the stock of goods by the agent until the time the writ of attachment was levied, so that no laches can be imputed to the plaintiff because he did not discover that the agent was in possession of this stock of goods and claimed to be the owner thereof. It seems apparent, therefore, that there are no facts upon which an estoppel might be claimed against the plaintiff to prevent him asserting his title to the stock of goods and his right to possession thereof, even if the defendants came within

the class of persons who could avail themselves of such
an estoppel.   The debt for which defendants levied upon
this stock of goods was incurred by Chas. Awad more
than a year before the trade in controversy here; and
there is no evidence in the record that the defendant the
Howard Mercantile Company, his creditor, extended any
credit or parted with anything of value on the faith of
the claim made by Chas. Awad that he was the owner
of the stock of goods in controversy, so that the defend-
ants in this case could not have availed themselves of
an estoppel against the plaintiff even if there had been
any evidence which would justify applying the rule of es-
toppel.  *Limerick v. Lee,* 17 Okla. 165-173, 87 Pac. 859;
*Palmer v. Meiners,* 17 Kan. 478-483; *Hill v. Van Sandt,*
1 Kan. App. 367, 40 Pac. 676; *Brant v. Virginia Coal &
Iron Co.,* 93 U. S. 326, 23 L. Ed. 927.

The contention of the defendants that the petition of
plaintiff admits his knowledge of the acts of Chas. Awad
in taking the bill of sale of the stock of goods in his own
name and in holding himself out as the owner thereof
is not borne out by the record.   The parts of the petition
upon which defendants rely have been set out above, and
they nowhere contain any statement as to the knowledge
of the plaintiff.   They do allege that plaintiff was in
possession of the stock of goods prior to the attachment,
and that Chas. Awad was in his employ, and that he had
been compelled to pay him $2 per day during a period of
six days when he was prevented from work by reason of
the attachment.   These are statements of fact connected
with the case concerning which plaintiff's knowledge
might have been acquired after his coming to Woodward,
and after the writ of attachment had been levied.   An
allegation of fact in a pleading is not a statement or an

admission by the pleader that he knew such fact at the time of its occurrence. As we have said before, Chas. Awad, while acting in violation of his instructions, and while apparently trying to defraud his principal, was still the agent of the plaintiff, and his possession of the stock of goods would in law be the possession of the plaintiff. So that the allegations in the petition, in our view of the case, do not constitute an admission of knowledge, nor are they in conflict with the testimony of plaintiff.

The second, third, fourth, fifth, and sixth propositions contained in the brief of defendants assign error in the instructions given by the court. We have examined these instructions, and do not think they are open to the criticism made by defendants. We think the statement of the law of the case is substantially correct, and that the issues between plaintiff and the defendants are fairly submitted to the jury, and that the court did not in the instructions complained of invade the province of the jury and instruct them as to the weight of evidence or as to the facts in the case. We think, in fact, that the theory of the defendants was presented by the instructions more favorably to the defendants than they were entitled to. We do not think it necessary to set out the instructions given in detail, as we find no prejudicial or reversible error to be contained in them.

The seventh, eighth, ninth, and tenth propositions in the brief of defendants assign error of the court in refusing instructions requested by the defendants. We do not state these requested instructions in full in this opinion, as we do not think it necessary, but we have carefully examined them, and do not think that the court erred

in refusing the instructions requested, for the reason that the record contains no evidence upon which the requested instructions could have been based; therefore it was not error to refuse them. The eleventh proposition assigns error in the admission by the court of testimony over the objection of defendants. The defendants have not complied with rule 25 of this court (38 Okla. x, 137 Pac. xi) by setting out in their brief the full substance of the testimony to the admission of which they object, and stating specifically their objection thereto; but we have examined the pages of the record to which we have been referred, and we are of the opinion that the court did not commit prejudicial or reversible error in admitting the evidence complained of.

In the twelfth assignment of error defendants complain of the rejection by the court of their offer to introduce the precedent for journal entry of the judgment of the district court of Woodward county in the attachment suit brought by the defendant Howard Mercantile Company against Chas Owad. It is argued by the defendants that, as it was necessary for defendants not only to prove that the goods were in their possession by virtue of a valid writ of attachment, but that there existed at the time of the attachment a valid indebtedness upon which to base it, they were entitled to show the judgment of the court upon such claim of indebtedness, and that the attachment had been sustained by the court. Since the court, in submitting the case to the jury, proceeded upon the theory that the defendants had a valid claim against Chas. Owad by reason of their writ of attachment, and his indebtedness to the defendant Howard Mercantile Company was not questioned by any suggestion of either counsel or the court in the trial of the cause, the admission of the

evidence offered could not have affected the result of the case; and therefore, if the court committed any error in the rejection of such evidence, it was harmless and not ground for reversal. But we think the evidence offered was not competent to show the judgment of the court. It is not sufficient to prove a judgment to offer alone the precedent for journal entry signed by the judge; the judgment must be proved by the records of the court entering the same, and not by the files thereof. 1 Black on Judgments, sec. 106; *Boynton v. Crockett,* 12 Okla. 57, 69 Pac. 869; *Ex parte Stevenson,* 1 Okla. Cr. 127, 94 Pac. 1071; *Ex parte Howard,* 2 Okla. Cr. 563, 103 Pac. 663.

We conclude no reversible error appears in the record, and that the judgment of the court below should be affirmed.

By the Court: It is so ordered.