## SKELLY OIL CO. v. PRUITT & McCRORY.

No. 12514—Opinion Filed Nov. 27, 1923.

Rehearing Denied Dec. 26, 1923.

**1. Principal and Agent — Binding Effect of Acts—Scope of Agency.**

The acts of the agent can only bind the principal within the scope of his express or implied power.

**2. Same—Implied Powers.**

The implied powers flow from a grant of expressed powers and are those powers necessary or incidental to the exercise of the express powers.

**3. Same—Purchase of Real Estate—Power to Employ Broker.**

The employment of a broker by the agent to assist him in the purchase of real estate is not necessary or incidental to the exercise of the express grant of power to purchase real estate for his principal.

**4. Same—Proof of Agency—Declaration of Agent.**

Statements and declarations by the agent, standing alone, in the absence of his principal, are not sufficient to prove the relation of principal and agent, and to establish the authority of the latter to act in some particular instance.

**5. Same—Ratification of Acts—Employment of Broker.**

If the agent, without the authority of his principal, employs a broker to assist him to purchase real estate for his principal, the acceptance of the conveyance with knowledge of the unauthorized acts of his agent and knowledge of the assistance rendered his agent by the stranger or volunteer will not operate as a ratification by the principal of the unauthorized act of his agent.

**6. Appeal and Error—Review—Insufficiency of Evidence of Agency.**

If the verdict of the jury rests entirely on the statements and declarations of the agent, in the absence of his principal, as to his power to act and bind his principal in the proceedings involved in the suit, there is no competent testimony to support the judgment, and it will be reversed on appeal.

**7. Same.**

Record examined, and found to contain only the statements and declarations of the agent as to the power of the latter to act; held, there is no competent evidence to support the verdict of the jury.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Carter County; Thomas W. Champion, Judge.

Action by Pruitt & McCrory against the Skelly Oil Company for recovery of commission for assisting in purchasing oil and gas lease for the defendant. Judgment for plaintiffs. Defendant brings error. Reversed and remanded.

W. P. Z. German, Alvin F. Molony, and Cliff V. Peery, for plaintiff in error.

Dolman & Dyer, for defendants in error.

Opinion by STEPHENSON, C. In the trial of this cause the jury returned a verdict for plaintiffs. The defendant brings error and seeks reversal principally on the ground of insufficiency of the testimony to support the verdict of the jury. The defendant sent B. V. Emory, one of its employees, to Carter

county to prepare a lease for the drilling of a well. It appears that the defendant instructed the agent to interview a man by the name of Wallace, who owned a lease in the vicinity of the holdings of the defendant, for the purpose of ascertaining what the lease could be purchased for. According to the testimony of the plaintiffs, Emory enlisted the aid of the plaintiffs, who were real estate agents, to assist him in the negotiations. The plaintiffs testified that the agent called the president of the defendant company over the telephone from their office and stated to the president of the company that the lease could be purchased for $3,000 per acre, and that certain brokers were interested in the sale who would require compensation. The plaintiffs further testified that the agent advised he would allow them, or pay to them, a commission of five per cent. for their services. According to the testimony of the plaintiffs, the sale was finally arranged for $3,000 per acre net, to Wallace, and the defendant completed the purchase for the sum named. On cross-examination the plaintiffs admitted requesting the seller to pay them a commission, who refused, and stated to plaintiffs that he would not sell for less than $3,000 per acre net. Skelly, who was president of the defendant company, testified that Emory was only authorized to ascertain the sum of money the lease could be purchased for and submit the proposition to him. The president of the company further testified that when Emory informed him that brokers were interested in the sale that he advised his agents that he would not pay a commission to any broker, and that he would not pay to exceed $3,000 per acre net for the lease. The witness testified that Emory was not authorized by the defendant to employ brokers to assist him in the purchase. The defendants in error endeavor to sustain judgment on the following grounds: (a) That the evidence was sufficient to submit the question of agency to the jury; (b) that the defendant knew of the services performed by the plaintiffs in connection with the purchase, prior to the time the defendant received the conveyance. The only testimony tending to establish the authority of Emory to employ brokers is the evidence of the plaintiffs as to declaration made in their presence by Emory. The agent can only bind the principal when acting within the scope or apparent scope of his authority, and is only authorized to exercise the express or implied powers granted to him by the principal. Howe v. Martin, 23 Okla. 561, 102 Pac. 128, 138 A. S. R. 840. The agent binds the principal when acting within the scope of his authority. The scope of the agent's authority is fixed by the express and implied powers given to him by the principal. The implied powers which the agent may exercise are those powers that are necessary or incidental to carry into effect the express powers granted to him by the principal, and the agent's acts within this scope bind the principal. Dispatch Printing Co. v. National Bank of Commerce, 109 Minn. 440, 124 N. W. 236, 50 L.R.A. (N. S.) 74. The plaintiffs failed to prove the granting of express power by the defendant to the agent to employ them in the performance of the services for which recovery is sought. It cannot be said that the power to do so came by implication from the express power granted to the agent to enter into negotiations for the purchase of the lease for the defendant. The plaintiffs failed to prove the granting of express power to Emory, aside from the declarations of the agent. Therefore, plaintiffs' right of recovery is made to rest on the declaration of the agent as to his authority to employ them in the purchase of the lease for his principal.

It will serve no useful purpose to enter into any extended discussion of this matter, as the question has been settled by our court. The declarations of the agent made in the absence of his principal, standing alone, are insufficient to prove the grant of power exercised by him, and to bind his principal to third parties. Iowa Dairy Separation Co. v. Sanders, 40 Okla. 656, 140 Pac. 406; Okla. Automobile Co. v. Benner, 70 Oklahoma, 174 Pac. 567; R. P. Smith Sons & Co. v. Raines Dry Goods Co., 37 Okla. 39, 130 Pac. 133; McDonald v. Strawn, 78 Okla. 271, 190 Pac. 558; Thorp Oil & Specialty Co. v. Home Oil Ref. Co., 79 Okla. 225, 192 Pac. 572; James v. Stookey, 13 Fed. Cas. No. 7184; Alabama Fuel Co. v. Rice (Ala.) 65 South. 402.

As the only evidence received by the jury consisted of statements and declarations of the agent, in the absence of his principal, the verdict of the jury rests entirely upon incompetent evidence. There being no competent evidence to support the verdict of the jury, it cannot stand. Tate v. Coalgate State Bank, 72 Oklahoma, 180 Pac. 687; City of Duncan v. Tidwell, 48 Okla. 382, 150 Pac. 112; Schafer v. Midland Hotel Co., 69 Okla. 201, 171 Pac. 337; Sapp v. Hartford F.M. Ins. Co., 86 Okla. 87, 206 Pac. 814;

For the ratification of the unauthorized acts of the agent, the plaintiffs rely on proof that the defendant had knowledge of the service performed by the plaintiffs at the time it received the conveyance of the oil and gas lease. The fact that the principal or vendee of real estate may have knowledge that a volunteer or stranger has assisted

his agent in procuring the purchase, if unauthorized in the first instance, will not bind the principal or vendee, in receiving the conveyance. Williams v. Moore (Tex. Civ. App.) 58 S.W. 953; Simms v. St. John (Ark.) 152 S. W. 284; Bouquot et al. v. Awad, 54 Okla. 55, 153 Pac. 1104; Robinson v. Nipp et al. (Ind.) 50 N. E. 408; Merritt v. Bissell (N.Y.) 50 N. E. 280; Carroll v. Tucker, 21 N. Y. Supp. 952.

Therefore it is recommended that this cause be reversed and remanded.

By the Court: It is so ordered.