## PRICHARD v. DUR.

No. 18070.  Opinion Filed May 15, 1928.

(Syllabus.)

1. **Appeal and Error—Review—Judgment in Law Action Reasonably Supported by Evidence not Disturbed.**

When a law action is tried to the court without the intervention of a jury, the judgment of the court will not be disturbed on appeal if there is any competent evidence reasonably sustaining the judgment.

2. **Same—Judgment Denying Recovery of Interest in Oil Lease Sustained.**

Record examined; held, the evidence and facts reasonably support the judgment of the court.

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; Lucius Babcock, Judge.

Action by L. H. Prichard against Jacques Dur. Judgment for defendant, and plaintiff appeals. Affirmed.

Allen & Jarman, for plaintiff in error.

T. G. Chambers, Jr., for defendant in error.

LEACH, C.  This is an appeal by L. H.

Prichard, plaintiff, from a judgment of the district court of Oklahoma county in favor of Jacques Dur, defendant, denying claim of plaintiff to a one-eighth interest in a certain oil and gas lease (20 acres) and the value thereof. The parties appear here as they did in the trial court, and will be so referred to herein.

On November 13, 1924, plaintiff filed his petition in the cause, wherein he alleged in substance: That in May, 1918, he entered into an oral agreement with one Clark and wife, land-owners in Stephens county, to purchase an oil and gas lease on 20 acres for a cash consideration of $6,000, and the further considerations to be specified in the lease whereunder the lessee was to pay an additional sum of $1,200 out of first oil produced, and begin drilling within a certain specified time, or pay $1,000 cash; that Jacques Dur, together with Guy G. Fischer, Guy Miller, and Roy Armstrong, acting by and through Guy G. Fischer, as his agent, did agree with plaintiff that, if he would procure the delivery of said lease to them, they would pay the initial consideration of $6,000, and would assign to plaintiff an undivided one-eighth interest in said lease, the lease to be taken in the name of Guy Fischer, who should hold the legal title temporarily for himself and for the use and benefit of plaintiff to the extent of an undivided one-eighth interest and the respective interests of Dur, Miller and Armstrong; it being understood that except for the initial consideration, plaintiff should bear his proportionate share of the expenses, rentals, etc., due under the lease.

That in pursuance of said agreement plaintiff did procure and cause to be delivered the said lease to Guy G. Fischer, the same being dated May 29, 1918; that on or about June 8, 1918, the said Fischer, without the knowledge or consent of plaintiff, and without assigning to plaintiff the interest, as was agreed by the said Fischer, acting for himself and as agent of Jacques Dur and others, that he should do, did assign said lease to defendant, Dur; that he, Dur, took said assignment with full knowledge of the agreement which had been entered into with plaintiff on defendant's behalf by the said Fischer; that the defendant, with full notice and knowledge of the rights of plaintiff and without his consent, did on October 21, 1920, fraudulently sell and assign the lease to one Jones, who was an innocent purchaser thereof; that defendant, Dur, has refused to pay plaintiff his proportionate part of the sale price, or account for his share of the value thereof; that plaintiff had at all times been ready and willing to pay his share of the expense incident to the preservation of the lease; alleged the market value of the lease at date of sale by defendant to be $30,000, and prayed judgment for one-eighth thereof.

Defendant answered by general denial with an admission of execution of the lease, the assignment to himself, and the assignment by him to Jones, and specifically denied the agency alleged in plaintiff's petition; further alleged that he purchased assignment for a valuable consideration without notice of any interest or claim of plaintiff.

Upon the issues joined a trial was had to the court without a jury, which resulted in a judgment for defendant.

The following findings of fact and conclusions of law are incorporated in the journal entry of judgment:

"Findings of Fact.

"About April 1, 1918, defendant, Jacques Dur, placed in the hands of Guy Miller $6,-000 to be invested in a one-fourth interest in an oil and gas lease in the Ranger, Tex., field. Guy Miller, Guy G. Fischer, and Roy Armstrong officed together, but whether they were otherwise associated together does not appear.

"During Dur's absence at Hot Springs, Ark., Fischer and the plaintiff, Prichard, secured an oil and gas lease in the Duncan, Okla., field, from Clark, for a cash consideration of $6,000, and subsequent payments to be made, with the understanding between Fischer and Prichard that Dur's money was to be used to purchase the lease, and Prichard should be carried for a one-eighth interest in consideration for his services in securing the lease. The lease was purchased with Dur's money, and taken in Fischer's name, all without any authority from Dur, and without his knowledge.

"Upon Dur's return, he was made acquainted with the transaction, and refused to acquiesce in it unless Fischer, Miller, and Armstrong would each repay to him $1,500, one-fourth of the initial purchase price payment. This they refused to do, as by that time they had discovered that the lease was of little value, and upon Dur's demand Fischer assigned the lease to Dur. Dur made all the subsequent payments, and finally sold the lease at a profit."

"Conclusions of Law.

"1. The relation of principal and agent never existed between Dur and Fischer.

"2. Upon the unauthorized investment of Dur's money by Miller, Fischer, and Prichard in this lease, Dur immediately became the equitable owner of the full title to the lease, unincumbered by any agreement between Fischer and Prichard, and the assignment to him was merely the conveyance of the naked legal title to property of which he was already the equitable owner.

"3. Plaintiff had no interest in the lease as against defendant, and cannot recover in this action."

Plaintiff's fifth assignment of error which is: "The findings of fact and conclusions of law are not supported by the law and the evidence," includes and covers the other four assignments of error set out by plaintiff, with the exception of error assigned in overruling motion for a new trial. Plaintiff presents his assignments of error and argument under two propositions, the first being:

"That the trial court clearly was in error, and there was no evidence to support the third or last paragraph of the court's finding of fact."

Plaintiff says this statement of the facts clearly contradictory to almost every word and syllable of the testimony of defendant himself, and calls attention to certain parts of the evidence, and says defendant's theory of defense was that plaintiff's interest was surrendered by the act of Fischer, that the finding, being erroneous, naturally led to the error in the conclusion of law. The second proposition urged is:

"The trial court clearly erred when he held, as a matter of law: 'That the naked legal title to said lease was passed into and vested in Jacques Dur by the assignment from Guy Fischer, because he already had the equitable title on account of an unauthorized investment of his money in the lease by Miller, Fischer and Prichard.'"

Plaintiff says the conclusion of law would have been correct had it been based upon a true statement of the record and a sound finding of fact, and asserts that the court clearly overlooked the principle and doctrine of ratification of an unauthorized act of an agent, or of an act purporting to be done by one, although unauthorized, who holds himself out as an agent. Under the second assignment, plaintiff argues that the evidence shows a ratification by the defendant, and cites authorities and cases sustaining the theory and rule of ratification, that a principal may either ratify unauthorized acts or contracts made on his behalf by a mere stranger or volunteer, who has never been his agent, but who has assumed to act as such in the particular transaction, or he may ratify the act of one as his agent for certain purposes, but who, in the particular transaction, acted outside the scope of his authority. That one who accepts the profits of an act done by one assuming to be his agent thereby ratifies his act with all of its burdens as well as its benefits. Wherry v. Lucky, 99 Okla. 239, 226 Pac. 588; Leasure v. Hughes, 72 Okla. 75, 178 Pac. 696, and other cases cited.

Plaintiff's petition alleged that the said defendant, Jacques Dur, together with Guy Fischer, Guy Miller, and Roy E. Armstrong, acting by and through said Guy Fischer, as his agent, did agree with said plaintiff that if the plaintiff would procure the delivery of said oil and gas lease to them, they would pay the initial consideration, and would assign to plaintiff an undivided one-eighth interest in the lease. The petition did not allege or charge ratification by the defendant, Dur, but alleged that the defendant entered into the certain agreement referred to with the others named by and through his agent Guy Fischer. The authorities and cases cited referring to ratification are correct as applied to the facts in the particular cases cited, but are not controlling in present case unless the facts warrant. The trial court in this case personally heard the testimony of the witnesses, the cause being tried to the court without a jury, and it found that Fischer was not the agent of the defendant, and in substance found there was no ratification.

"In a law action, where a jury is waived and the cause submitted to the trial court, the same rule that is applied to a verdict of a jury in reviewing said verdict on appeal is applied to the judgment of the court acting in lieu of a jury, and if the judgment of the trial court is reasonably sustained by the facts, the same will not be disturbed upon appeal." Beard v. Herndon, 84 Okla. 142, 203 Pac. 226; Simmons v. Maxey, 106 Okla. 252, 233 Pac. 669; C., R. I & P. Ry. Co. v. Newburn, 39 Okla. 704, 136 Pac. 174.

The record and evidence show the plaintiff knew the lessor desired to sell a lease, but had no enforceable contract for the lease, nor had he agreed upon the conditions of the lease. The interest plaintiff claims was for his service in procuring the execution of the lease. For such service he contends he is entitled to a one-eighth interest under agreement with Fischer. He now concedes Fischer was not the agent of the defendant, but contends the agreement with Fischer was ratified by the defendant. None of the par-

ties referred to in the record had authority as agent or otherwise to invest the defendant's money in the particular lease. Guy Miller, the party to whom the defendant intrusted the sum of $6,000 to be invested in a lease in the state of Texas, testified that he made no agreement with plaintiff, Prichard. It will be observed from the pleadings and evidence in this cause that the agreement by Fischer was not made entirely and exclusively for the benefit of the defendant, Dur, but on behalf of himself, Dur, and others.

"The rule as to 'ratification' is applicable only where the act alleged to have been ratified by another purported to have been for or in behalf of such other." Madill State Bank v. Weaver, 56 Okla. 183, 154 Pac. 478; Nowata Oil Syndicate v. Commercial Natl. Bank, 93 Okla. 6, 219 Pac. 339.

It is argued by plaintiff that, since defendant offered to pay him something for his interest, such act clearly recognized and admitted his right, and was a ratification of the agreement between him and Fischer. The record is not clear, as we view it, as to whether the defendant was fully apprised of the nature of the claim of the plaintiff at or subsequent to the offer.

"Ratification of an unauthorized contract by one assuming to act as agent must be with full knowledge of all the facts, and it is essential that the principal shall have full knowledge at the time of the claimed ratification of all the material facts relative to the unauthorized transaction." Messman v. Lower, 84 Okla. 151, 202 Pac. 1014; Nowata Oil Syndicate v. Commercial Natl. Bank, 93 Okla. 6, 219 Pac. 339; First Natl. Bank v. Alton Mercantile Co., 18 Fed. (2d) 213.

Even assuming that the defendant was aware of the claim and theory under which plaintiff asserted some right, we do not consider that he did agree thereto, or was bound thereby under his conduct and acts in the particular case. We believe a reasonable conclusion could be drawn from the evidence that the defendant, at the time he made such offer, as he stated, on behalf of Guy Fischer, did so upon the theory and belief that the other parties, including Fischer, were to each pay in one-fourth of the value of such lease. It was held by this court in the case of Skelly Oil Co. v. Pruitt & McCrory, 94 Okla. 232, 221 Pac. 709, in the syllabus:

"If the agent without the authority of his principal employs a broker to assist him to purchase real estate for his principal, the acceptance of the conveyance with knowledge of the unauthorized acts of his agent, and knowledge of the assistance rendered his agent by the stranger or volunteer, will not operate as a ratification by the principal of the unauthorized act of his agent"

—and in the body of the opinion it was said:

"For the ratification of the unauthorized acts of the agent, the plaintiffs rely on proof that the defendant had knowledge of the services performed by the plaintiffs at the time it received the conveyance of the oil and gas lease. The fact that the principal or vendee of real estate may have knowledge that a volunteer or stranger has assisted his agent in procuring the purchase, if unauthorized in the first instance, will not bind the principal or vendee in receiving the conveyance. Williams v. Moore, 24 Tex. Civ. App. 402, 58 S. W. 953; Sims v. St. John, 105 Ark. 680, 152 S. W. 284, 43 L. R. A. (N. S.) 796; Bouquot v. Awad, 54 Okla. 55, 153 Pac. 1104; Robinson v. Nipp, 20 Ind. App. 156, 50 N. E. 408; Merritt v. Bissell, 155 N. Y. 396, 50 N. E. 280; Carroll v. Tucker, 2 Misc. Rep. 397, 21 N. Y. Supp. 952."

"That the principal has received or enjoyed the benefits of an unauthorized act of his agent does not constitute a ratification if he was ignorant of the facts; nor will his retention of such profits, after knowledge of the facts, amount to a ratification if, at the time he acquires such knowledge, and, without his fault conditions are such that he cannot be placed in statu quo or repudiate the entire transaction without loss." Winkleblack v. Natl. Exchange Bank of Springfield (Mo. App.) 136 S. W. 712.

In Swayne v. Union Mutual Life Ins. Co. (Tex. Civ. App.) 49 S. W. 518, it was said in the syllabus:

"A principal does not ratify an unauthorized transaction of his agent by retaining benefits after discovery thereof, where it is beyond his power to reject them"

—and in the body of the opinion:

"Ratification as a result of taking the benefits of an unauthorized transaction implies the power of election to take or not to take."

Under the record and evidence in this case, it appears that the parties were speculating as to the value and outcome of the lease on the money of the defendant; that it is doubtful whether any of them, including plaintiff, were financially able to relieve the defendant of the lease, or refund him his money, and it is clear that the parties, Fischer, Miller, and Armstrong, had no intention of doing so within a short time after the lease was obtained, because of the fact that some

well drilling near the lease came in as a nonproducer. The record, as stated, shows the lease was purchased on May 29th, and assigned to the defendant on June 6th or 8th. There was but a short period of time between the purchase of the lease and the assignment of it to the defendant. When defendant made demand of the other parties that they put up their share of the cost of the lease, they declined, pleaded inability, and assigned the lease to defendant.

We deem it unnecessary to incorporate herein a statement of the testimony given. We have read the entire record, and are of the opinion that there is evidence reasonably supporting the judgment that plaintiff has not been deprived of any legal right.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

TEEHEE, FOSTER, DIFFENDAFFER, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 879; § 2853; 2 R. C. L. p. 206; 1 R. C. L. Supp. p. 444; 4 R. C. L Supp. p. 92; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 76.